NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—February, 1886.

### RUDD *v.* RUDD.

*In the matter of the estate of* GEORGE RUDD, *deceased.*

For the determination of a contest between the beneficiary of a testamentary trust, claiming payment of a balance of income, and the executor, trustee, asserting a right to withhold the same and apply it upon a debt alleged to have been due from the former to testator at the time of his death,—the existence of the debt, as well as of a surplus of income, being in dispute,—the parties must resort to a tribunal other than a Surrogate's court.

Smith v. Murray, 1 *Dem.*, 34—distinguished.

SETTLEMENT of decree, on judicial settlement of

account of Janet Rudd and others, executrices of decedent's will.   The facts are stated in the opinion.

DeForest & Weeks, *for executrices.*

Estes, Barnard & Olendorf,·*for Marvin W. Rudd.*

The Surrogate.—A decree is about to be entered, settling the accounts of the executrices of this estate. One of the beneficiaries of a trust created by the testator's will asks that such decree shall contain a direction for the payment to him of certain income to which he claims to be entitled.   Part of the income of the trust in question has already been paid by the executrices to the beneficiary.   They refuse to pay the balance, claiming the right to retain the same, and to apply it on account of his alleged indebtedness to the testator at the time of the latter's death, which indebtedness, as they insist, is still undischarged.   If the provision for this beneficiary were an ordinary money legacy, there would be no doubt of the right of the representatives of the estate to apply it towards discharging a debt due from the legatee to the decedent (Smith v. Murray, 1 *Dem.*, 34).   In the case at bar, however, there is a dispute as to whether any indebtedness really exists, and besides there is now a question whether there is, over and above the amount of income properly applicable to the use of the beneficiary, any surplus which should be applied to the payment of the indebtedness.   For the determination of these questions the parties interested must resort to another tribunal.   They will be afforded an opportunity to do so.

Meantime, I ought not to direct the representatives of the estate to pay over the income.