In the Matter of the Final Judicial Settlement of the Accounts of ALFRED B. SMITH and FREDERICK W. PUGSLEY, as Executors of MARGARET J. MYERS, Deceased, Respondents; THE AMERICAN TRACT SOCIETY et al., Appellants.

1. EXECUTORS — SETTLEMENT OF ACCOUNT — CLAIM OF EXECUTOR FOR PERSONAL SERVICES. A finding by a surrogate, on the judicial settlement of the account of executors, of the rendition of personal services by one of the executors to the testatrix, and fixing their value, *held* to be supported by the proofs and to have justified the allowance of the claim for the services as a charge against the estate in favor of the executor.

2. PRECLUSION OF TESTIMONY AS TO PERSONAL COMMUNICATION WITH DECEDENT — CODE CIV. PRO. § 829. In a proceeding before a surrogate for the settlement of an executor's account, the executor is precluded, by force of section 829 of the Code of Civil Procedure, from testifying to conversations with the testator concerning the basis of the claim of a third person against the estate, which had been paid by the executor and for which he is seeking to be allowed credit, as against contesting residuary legatees.

*Matter of Smith*, 89 Hun, 605, reversed.

(Argued May 7, 1897; decided May 14, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department, entered August 2, 1895, which affirmed a decree of the surrogate of Dutchess county stating and allowing the accounts of executors,

and allowing a claim presented on behalf of Alfred B. Smith, one of the executors.

The facts, so far as material, are stated in the opinion.

*Joseph A. Welch* and *E. N. & T. M. Taft* for appellants. None of the acts performed by Mr. Smith for the testatrix was of the character of professional legal services, and on that ground the testimony of the legal expert witnesses upon the question of value was improperly received. (*Ferguson* v. *Hubbell*, 97 N. Y. 507; *People* v. *Kemmler*, 119 N. Y. 580.) The appellants were necessarily prejudiced by this testimony of the three expert witnesses, and the decision should be reversed because of its erroneous admission. (Code Civ. Pro. §2545; *In re Will of Smith*, 95 N. Y. 516, 527.) The third finding of fact is a transcript of that portion of the hypothetical question which assumed to represent various services as performed by the claimant Smith, and all the statements contained therein are unsupported by any evidence. (Code Civ. Pro. § 1337; *Hewlett* v. *Elmer*, 103 N. Y. 156, 165; *Meaker* v. *Fiero*, 145 N. Y. 165, 169; *Matter of Hunt*, 110 N. Y. 278, 283; *Linkhauf* v. *Lombard*, 137 N. Y. 417; *Matter of Harriot*, 145 N. Y. 540, 545.) The fourth finding, holding that the visits and services stated in the third finding were made and rendered under a contract understanding between the testatrix and the claimant Smith for payment, is unsupported by any evidence. (*McCarthy* v. *Mayor, etc.*, 96 N. Y. 8; *Davidson* v. *W. G. L. Co.*, 99 N. Y. 566; *Williams* v. *Hutchinson*, 3 N. Y. 312; *Collyer* v. *Collyer*, 113 N. Y. 442; *Fisher* v. *Bishop*, 36 Hun, 114; 108 N. Y. 28; *Shakespeare* v. *Markham*, 72 N. Y. 400; *Kearney* v. *McKeon*, 85 N. Y. 136; *In re Smith*, 95 N. Y. 516; *Van Slooten* v. *Wheeler*, 140 N. Y. 633.) The surrogate erred in permitting Alfred B. Smith, one of the executors, to be sworn as a witness and testify relative to personal communications between himself and the testatrix in the issue between the residuary legatees and the executors upon the contested payment made by the executors to Melinda Peters.

(Code Civ. Pro. § 829; *Lyon* v. *Whittaker*, 77 Hun, 107; *Hobart* v. *Hobart*, 62 N. Y. 80; *Church* v. *Howard*, 79 N. Y. 415; *Nearpass* v. *Gilman*, 104 N. Y. 507; *Wallace* v. *Straus*, 113 N. Y. 238.)

*Frank B. Lown* for respondents. The payment to Melinda Peters having been made by the executors in the course of their duties as such, and upon a sworn voucher, the presumption of law is that it was properly made. (*In re Frazer*, 92 N. Y. 239.) The burden is upon the objecting parties to show that the payment was improperly made. (*In re Frazer*, 92 N. Y. 239; Redfield's Surr. Prac. 788.) The testatrix intended that Miss Peters should be paid for her services rendered as nurse, and the testimony of the executor was properly received by the surrogate as to directions in relation thereto given him by his testatrix. (*In re Wilson*, 103 N. Y. 374; *Loder* v. *Whelpley*, 111 N. Y. 239; *In re Chase*, 41 Hun, 203; *Babcock* v. *Dunn*, 12 N. Y. S. R. 841; *Cady* v. *Brennan*, 64 N. Y. S. R. 505; *McLaughlin* v. *Webster*, 141 N. Y. 76.)

*Per Curiam.* Upon the return of the citation the executors filed their account, in which they credited themselves with the sum of $2,000 paid by them to one Melinda Peters for care, nursing and personal attendance upon the testatrix for six years prior to her death. The residuary legatees objected to the allowance of this claim.

Alfred B. Smith, one of the executors, also presented a claim against the estate for $9,000 for alleged services rendered by him for the testatrix in taking care of her business, for counsel and for a great variety of personal services alleged to have been rendered by him to the testatrix at her request during six years preceding her decease. This claim in behalf of Alfred B. Smith was also disputed, and its allowance resisted by the residuary legatees. The two claims, viz., the claim by the two executors to be allowed the sum paid by them to Melinda Peters, and the claim of Alfred B. Smith to have his alleged debt established as a charge against the estate, were

separately tried and separately determined upon distinct findings of fact and law, as if they had arisen upon separate and distinct proceedings. The decree of the surrogate, however, was single, and embraced his decision upon both matters. He adjudged and determined that the claim of Melinda Peters was valid, and that the executors were justified in allowing and paying it, and were entitled to be credited with the payment on their account. In respect to the claim of Alfred B. Smith he sustained it to the extent of $4,200, which sum he found to be due to him for services rendered for the testatrix. The residuary legatees appealed to the General Term from the parts of the decree relating to these two items, where the decree was affirmed, and this appeal is taken by them from the order of affirmance. The appeal, so far as it relates to the claim of Alfred B. Smith, should, we think, be affirmed. It is founded in the main upon the contention that the evidence was insufficient to justify a finding that the services rendered by the claimant were rendered under circumstances which entitled him to claim compensation. It is not disputed that the attentions of the claimant to the testatrix during the last years of her life were most assiduous, and that he was called upon daily by her to come to her house, and on many days several times a day, to consult him about her business, and that at her request he performed a great variety of acts in relation to her affairs and devoted much time and attention in looking after her estate and in complying with her requests. The claimant was a lawyer, and on the hearing before the surrogate he called several lawyers to testify as to the value of the services so rendered. They were persons living in the city of Poughkeepsie, where the claimant and the testatrix also resided, and had personal knowledge to some extent of the frequency of the claimant's visits to the decedent. These witnesses were asked a hypothetical question based on the facts alleged by the claimant to have been proved, and were asked upon the facts thus recited as to the value of the claimant's services. The contestants objected to the question on the ground that there was no basis in the proof in respect to many of the facts

averred and that it did not show the extent of the services claimed to have been rendered. No objection was made to the competency of the witnesses to give an opinion .as to the value of services of the kind mentioned or that the value was not the proper subject of expert evidence. The surrogate overruled the objection and permitted the witnesses to answer.

We think the objection made was not well taken. It is true that the evidence of services rendered related to a great many different acts and was in respect to many things somewhat indefinite as to the times and extent of the services. But we think that all the assumed facts had some basis in the evidence and that the question was not inadmissible under the objection taken. The contestants had the opportunity, of which they availed themselves, to test on cross-examination the grounds of the opinion expressed by the witnesses and to obtain their understanding of the extent of services rendered, which would justify their estimate of value. Without further detailing the proofs given we are of opinion that enough was shown on the trial before the surrogate to support his finding that services were rendered by the claimant to the testatrix at her request, of the value fixed by the surrogate, and that he was justified in allowing the claim as a charge against the estate in favor of the executor Alfred B. Smith.

In respect to the claim made by the executors to be allowed in their account the sum of $2,000 paid by them to Melinda Peters, we think the decree of the surrogate allowing the charge must be reversed, and that a rehearing must be had upon that question for the error of the surrogate in permitting Alfred B. Smith, against the objection of the contestants, to testify to conversations had by him with the testatrix, to the effect that Melinda Peters was entitled to be paid for her services for the testatrix, in addition to what was paid her as housekeeper for the testatrix and the sum given her by the will. Section 829 of the Code declares that upon the trial of an action, or the hearing upon the merits of a special proceeding, "a party or person interested in the event, or a person from, through or under

whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest against　*　*　*　a person deriving his title or interest from, through, or under a deceased person　*　*　*　concerning a personal transaction or communication between the witness and the deceased person　*　*　*　except," etc.　The executor Alfred B. Smith was precluded by this section from testifying to the conversations in question with the testatrix.　The matter of the accounting was a special proceeding.　The executors were the only persons interested in the event of the accounting as to this claim.　They had paid Melinda Peters the $2,000, and the sole question was whether they were entitled to credit for such payment.　It was solely a question between the executors claiming to be allowed the credit and the contesting legatees.　The contestants were persons deriving title as residuary legatees to the property of the testatrix under her will, remaining after payment of lawful debts of the decedent and the prior legacies.　The executor Alfred B. Smith, although interested in the event, was permitted to testify in behalf of himself and his co-executor, to declarations of the decedent upon a material point, against parties deriving an interest or title under the same decedent, and whose interests were hostile to the claim made by the executors.　This was plainly in the teeth of the statute.

We think the judgment of the General Term and the decree of the surrogate should be reversed and a rehearing ordered before the surrogate as to the question whether the executors were entitled to be credited in their account with the sum paid to Melinda Peters, and that in all other respects the decree of the surrogate and its affirmance by the General Term should stand, without costs to either party in this court.

All concur.

Judgment reversed.