(28 Misc. Rep. 362.)

### In re WIDMAYER et al.

(Surrogate's Court, New York County. July, 1899.)

SURROGATE'S COURT—POWERS—DIVERSION OF INCOME FROM TRUST ESTATE.
    The surrogate's court, having no equity powers, cannot direct the application of the income from a trust fund to debts of the beneficiary; and hence it cannot surcharge the accounts of trustees because of their payment of such income to the beneficiary in accordance with the terms of the trust, instead of applying it on a judgment against him in favor of the trust estate.

Proceedings on settlement of accounts of George A. Widmayer and others, executors and trustees of the estate of George Widmayer, deceased.

Jay & Candler, for executors (accountants).
T. M. Tyng, for W. F. Widmayer.

VARNUM, S. The decedent, under his will, gives certain incomes from trust funds to his children. On of these beneficiaries was appointed an executor and trustee. His co-trustees brought an action in the supreme court against him for malfeasance, which resulted in a decree removing him from office, and in a judgment in about the sum of $5,000 against him, and in favor of the plaintiffs, as trustees. The defendant trustee became hopelessly insolvent, and other judgments were entered against him. None the less, the acting executors and trustees paid the income under the will which belonged to this beneficiary to his wife, who in turn applied it to the support of the family. The sum so paid over during the period covered by this accounting amounts to $2,350. The main objection raised to the account is that the trustees should have applied this money towards the liquidation of the judgment, and this objection is sustained by the referee. None of the income thus used for the maintenance of the removed trustee's family was surplus, and the entire income was paid over. Indeed, the amount in question was entirely insufficient for the family. Where a gift of income from a trust created by a will is made, and a surplus remains beyond what is necessary for the suitable support of the cestui que trust and those dependent upon him, an action may be maintained by a judgment creditor in a court of equity to reach this surplus and have it applied to his claim. Wetmore v. Wetmore, 149 N. Y. 520, 527, 44 N. E. 169; Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251. But this court is a court of special jurisdiction, and has no equity powers. Riggs v. Cragg, 89 N. Y. 479. Hence, even though the existence of a surplus could be shown, a surrogate's court would have no power to direct its application to the payment of debts. It is not necessary to discuss the question whether or not, under the peculiar circumstances of this case, equity would decree the application of the income, irrespective of surplus, to the judgment; and it may well be that such an inquiry could have been brought up by the beneficiaries in the supreme court action. So far as this court is concerned, it follows that, in the absence of any jurisdiction to have directed the

application of any surplus to this judgment, a similar want of power exists to pass on the question whether the income itself was so applicable.

The exception to so much of the report as surcharges the account to the extent of the income payments made is sustained. In all other respects the report will be confirmed. Decreed accordingly.

---

(28 Misc. Rep. 308.)

## In re MONELL.

### (Surrogate's Court, New York County. July, 1899.)

1. DISTRIBUTION—DIRECTION TO ADMINISTRATOR.

   A decree upon the accounting of an administrator which distributes the estate of decedent should direct payment by him individually, and not as administrator.

2. SAME—DECREE AS EVIDENCE OF POSSESSION OF ASSETS.

   Code Civ. Proc. § 2552, providing that a decree directing payment by an administrator shall be conclusive evidence of the possession by the administrator of assets sufficient for such payment, does not apply where the decree shows on its face that there were no assets remaining in the hands of the administrator.

3. SAME—AWARD TO SPECIAL GUARDIAN—CONTEMPT PROCEEDINGS.

   Where a decree directs an administrator to pay an allowance to a special guardian, and the decree shows on its face that there are no assets in the hands of the administrator, this award will be treated as if expressly granted as costs, and disbursements incident thereto, and the decree will not be enforced by punishment for contempt under Code Civ. Proc. § 2555, providing for the enforcement of surrogates' decrees by contempt proceedings.

Application to punish Mary Monell, as administratrix of Joseph Monell, deceased, for contempt in not paying special guardian fees. Denied.

Kenneson, Crain & Alling, for administratrix.

Roger Foster, for special guardian.

FITZGERALD, S.  The decree upon an accounting of an executor or administrator, which distributes the estate of a decedent, should adjudge that the payment of the amounts to be distributed be made by the individual, and not by him as executor or administrator. Power v. Speckman, 126 N. Y. 359, 360, 27 N. E. 474. In the present case the payments required by the decree are directed to be made by the accountant as administratrix. The infant, the allowance to whose special guardian is sought to be collected by this proceeding, was adjudged to be paid the balance found in the hands of the administratrix, which was declared to belong to her; and, although the allowance to the special guardian was directed to be paid by the accountant as administratrix, the decree does not show, nor does it otherwise appear, that there were any funds of the estate in the possession of the administratrix, or for which she was liable or accountable, out of which the payment could be made, except the balance mentioned, and that was expressly appropriated by the decree for another purpose. I have no doubt that if the provision in