1. ADMINISTRATION—DEBT DUE BY LEGATEE.
    Where a legatee owes a debt to testator, it is an asset in the hands
    of the legatee, and is a satisfaction of the legacy to the extent thereof.
2. SAME—LIFE BENEFICIARY.
    Where a legatee became indebted to the testator after he had made
    his will making him a life beneficiary of the income of a share in per-
    sonalty, the income must be applied to the debt, though it did not ex-
    ceed $100 a year.

In the matter of the estate of William I. Foster, deceased. Decree
entered on judicial settlement.

John Hackett, for executors.
Allison Butts, G. C. Bolin, C. Morschauser, and S. H. Brown, for
legatees.
M. A. Fowler, guardian ad litem.

HOYSRADT, S. The will of William I. Foster, after a provision
in favor of his wife in lieu of dower, directs the sale of his real
estate, and gives the proceeds to his executors in trust. The income
of $2,000 is given to Thomas Foster for life. The remainder, in-
cluding the principal of the $2,000 fund, on the death of the life
beneficiary, is directed to be divided into three equal parts. Two
shares are bequeathed unconditionally to two daughters. "The yearly
interest on the other share I bequeath unto my daughter Elma Whit-
taker during her life, and after her decease I bequeath the principal
of said share unto her children." The will was executed April 5,
1890. The principal of this share is about $2,671.56.

Upon the final accounting of the executors, the question is pre-
sented as to whether the income of the Whittaker fund should be
applied toward the payment of certain notes and indebtedness given
and contracted by the beneficiary Elma Whittaker to and with the
testator between the time of execution of his will and his death,
aggregating $1,056.70, without interest. The annual income of the
fund does not exceed $100, so there can be no question as to its
being wholly exempt, under the statute providing that only the
surplus beyond the sum necessary for the education and support
of the beneficiary shall be liable for the claims of creditors. Real
Prop. Law (Laws 1896, c. 547), § 78, applied to personal in Tolles
v. Wood, 99 N. Y. 619, 1 N. E. 251. But this does not reach the
question involved. While the income may undoubtedly be wholly ex-
empt from the attack of a creditor, is it likewise proof against the
equitable lien of the executors upon the legacy and the right of
retainer? I am unable to find a parallel case, but the principle upon

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 1170.

which the right of retainer depends must be the same whether the legacy is general or the income of a fund placed in trust. The right of retainer is an equitable doctrine, founded on the principle that the legatee should not be entitled to his legacy while he retains in his possession a part of the fund out of which his and other legacies are to be paid. Smith v. Kearney, 2 Barb. Ch. 533; Rogers v. Murdock, 45 Hun, 32; Irvine v. Palmer, 91 Tenn. 463, 19 S. W. 326, 30 Am. St. Rep. 893. A debt due to the testator from one to whom he has given a legacy is an asset of the estate in the hands of the legatee, and is a satisfaction of the legacy to the extent of such asset. Clarke v. Bogardus, 12 Wend. 69; In re Bogart, 28 Hun, 468; Rogers v. Murdock, supra; Smith v. Murray, 1 Dem. Sur. 34; In re Colwell's Estate, 15 N. Y. St. Rep. 742. It is upon the same equitable principle that the statute of limitations has been held to be ineffective against the right of retainer.

It was the unquestioned intention of the testator to divide his residuary estate equally among and for the benefit of three daughters. Such equality could not exist if one of them was wholly relieved from her debt to the testator by reason of the trust, while another is charged with a similar indebtedness. Applying the principle that the debt is an asset in the hands of the legatee, it is a fair deduction that Mrs. Whittaker has received the income of the fund to the extent of her debt to the testator; or, in other words, her legacy, which is the income of one-third of the residuary estate, has been satisfied to the extent of such obligation.

I cannot agree that the right of retainer is on the same level with the rights of a creditor of a cestui que trust. It is founded upon different principles, and when the equality of distribution is considered, it works no hardship in this case.

On the question of the intention of the testator not to enforce the debt as against the income, the rule is well settled that such an intention must be signified in the will. The legal implication from the taking of the notes and their present existence is that the testator intended that the debt should not be considered an advancement, and if he desired that they should not be paid, he would have made a testamentary provision to that effect. The executors must therefore retain the income of the fund, to pay the amount due from Mrs. Whittaker, with interest.

Decreed accordingly.