(76 App. Div. 300.)

McKINSTRY v. ATWOOD.

{Supreme Court, Appellate Division, Third Department.   November 18, 1902.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—THIRD PERSONS—EXAMINATION—
    TRUST FUNDS.
        Where an examination of third persons in supplementary proceedings
    showed that the only property they possessed was a trust fund, held by
    them for the benefit of the debtor and his wife under the will of another,
    an order modifying a former order which restrained the trustees from
    paying over any part of the fund, by directing that it should not restrain
    them from paying to the judgment debtor or his wife such portion of the
    income as was necessary for their support, violated Code Civ. Proc. § 2463,
    declaring that the statute shall not apply or authorize any interference
    with any property held in trust for a judgment debtor, where the trust
    was created by, or has proceeded from, a person other than the judgment
    debtor.

Appeal from special term, Columbia county.

Action by John McKinstry against Elbert S. Atwood, in which
an order was entered for the examination of William S. J. Seymour
and Alexander R. Benson as third persons on plaintiff's applica-
tion as a judgment creditor of defendant in proceedings supple-
mentary to execution. From an order modifying an order as to the
disposition of funds, Seymour and others appeal. Reversed.

On the 18th day of August, 1902, an order was made by the county judge
of the county of Columbia directing the appellants to attend and be examined
before a referee concerning the property of the judgment debtor, and said
order contained an injunction as follows: "Said William S. J. Seymour
and Alexander R. Benson are hereby severally forbidden from making or
suffering any transfer or other disposition of or interference with the property
of said judgment debtor, or in which he may have any legal or equitable
interest." The appellants, upon their affidavit showing that they were
trustees under the will of one Hasbrouck, and that under said will they
held in trust certain property which they were authorized "to hold, invest,
and keep invested during the life of my [testatrix's] son Elbert Atwood
[judgment debtor], and to pay to him or to his wife, in their discretion, the
income thereof for his support and the support of his family; his or her re-
ceipt therefor to be full acquittance to such trustees;" and also showing that
the judgment creditor did not claim that the appellants had in their pos-
session or subject to their control any personal property or interest in personal
property of the said debtor other than the income on said trust fund,—ob-
tained an order to show cause why said order of August 18th should not be
vacated or modified so as not to apply to or enjoin the said William S. J.
Seymour and Alexander R. Benson as trustees under said will. On the re-
turn of said order to show cause the order appealed from was made, which
provides "that said order of August 18, 1902, be so modified as not to enjoin
said William S. J. Seymour and Alexander R. Benson, as trustees under the
will of Laura S. Hasbrouck, deceased, from paying to the judgment debtor
or his wife, in their discretion, such portion of the income on the trust fund
in their hands as necessary for the support of the judgment debtor and the
support of his family."

Argued before PARKER, P. J., and KELLOGG, SMITH, and
CHASE, JJ.

Cadman & Peck (Horace Peck, of counsel), for appellants.
Henry Van Hoesen, for respondent.

CHASE, J.   Section 2463 of the Code of Civil Procedure pro-
vides: "This article does not apply.  *  *  *  Nor does it author-

ize the seizure of or other interference with any property * * * or any money, thing in action, or other property held in trust for a judgment debtor where the trust has been created by or the fund so held in trust has proceeded from a person other than the judgment debtor." The order appealed from does interfere with property held in trust for the judgment debtor, at least to the extent that the income thereon exceeds the necessities of the judgment debtor and his family. It is also left to the trustees to determine at their peril the extent of such necessities. The interest of a beneficiary in a trust fund created by a person other than the debtor cannot be reached in supplementary proceedings. It must be reached, if at all, in a direct action. Levey v. Bull, 47 Hun, 350; Conduit Co. v. Dewsnap, 25 Civ. Proc. R. 380, 41 N. Y. Supp. 224.

Order reversed, with $10 costs and disbursements, and order of August 18th amended by adding thereto: "This order shall not be construed to apply to or enjoin the said William S. J. Seymour and Alexander R. Benson, as trustees under the will of Laura S. Hasbrouck, deceased, nor authorize their examination in relation to the trust fund." All concur.