1. EXECUTORS—DEBT DUE BY LEGATEE—RIGHTS OF PARTIES.
   Where a will gave a legacy to one who owed the estate more than the amount of the legacy, the executor may retain it and set it off against the debt, but cannot, as trustee under the same will, retain the income of a trust created by the will for the debtor's benefit.

In the matter of the estate of Seba M. Bogert. Motion requiring trustees to pay over income. Granted.

Hubbard & Rushmore and Frank C. Wild, for executors.
Miles & Johnson, for Mary C. Ford.

CHURCH, S. By the will of the deceased the petitioner was to receive a legacy of $1,000; in addition, a trust was created of one-half of the residuary estate, the income of which was to be paid to the petitioner during her life. The petitioner makes this motion for the payment to her of such legacy and also of the accrued income. This motion is resisted by the co-executors and trustees on the ground that the petitioner had made her promissory notes for the

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 1170.

sum of $4,050 to the deceased, and that the same is unpaid, and that, therefore, the executors have the right to offset the same against the said legacy and income.

As to the specific legacy, there can be no question that the executors were justified in not paying the same. Smith v. Kearney, 2 Barb. Ch. 533. But the income from the trust fund presents a different question. There appears to be no case completely decisive of the question, except that of Matter of Foster's Estate, 38 Misc. Rep. 347, 77 N. Y. Supp. 922. After considerable reflection, I am unable to agree with the learned judge in his disposition of that case. It stands conceded that this income is exempt from the attack of a creditor, yet it must be remembered that an executor of an estate simply stands in the light of a creditor, and, if the estate can reimburse itself by retaining this income until the debt is paid, that then the estate would have a preference over the ordinary creditor of the cestui que trust. It does not seem that any such result should be accomplished. In the Foster Case the learned surrogate based his decision on the fact that any other decision would work an inequitable distribution. But this proposition is something which, it seems to me, the surrogate should not attempt to adjust. It is occasioned by the testatrix, and it would have been a simple matter for the testatrix to have provided for the matter; not having done so, it does not seem to me that it is the function of the surrogate to attempt to do it, but simply to consider the strict legal rights of the parties. The theory of retainer is that it is the executor's duty to collect all debts due the estate, and that such debts are assets due the estate, which it is the executor's right to retain and offset against a legacy; but a trustee has no such powers. His duties are confined exclusively to investing and caring for the trust funds, and applying the same as directed by the trust; if the trustee was a different person than the executor, he would have no right to assist the executor by paying over such income to him. The fact that the executor and trustee are the same person does not alter the conditions and rights of the cestui que trust, except that under the provisions of the will in question it is unnecessary to show any formal transfer from the executor to the trustee.

I regret that my conclusions should be contrary to that of a brother judge, and were my convictions less strong would follow his decision without question. The motion requiring the trustees to pay over the income is granted.

Motion granted.