Matter of the Judicial Settlement of the Accounts of the Executors of the Last Will and Testament of JAMES KNIBBS, Deceased.

(Surrogate's Court, Rensselaer County, September, 1904.)

Trust — The costs of suits by the beneficiary against the trustees may not be taken from the trust fund.

Where a will directs the testator's executors to retain one-fourth of the testator's residuary estate in trust and to pay the net income therefrom to the testator's son as long as the latter should

Surrogate's Court, Rensselaer County, September, 1904.    [Vol. 45.

live, and such income is not sufficient for the son's support, the fact that, as a result of unsuccessful litigation, conducted by the son, the executors have obtained two judgments for costs against him, does not entitle the executors, upon their accounting, to a decree directing them, as executors, to retain, or directing them, as trustees, to pay any sums for the principal or income of the trust fund on account of the judgments for costs.

PROCEEDINGS upon the judicial settlement of the accounts of executors.   Objections to accounts.

Rockwood & Salisbury, for James Knibbs, contestant.

J. K. Long, for executors.

John C. McLean, special guardian.

HEATON, S.   Judicial settlement upon which several objections have been tried.

The objection to payments to counsel for the executors is not sustained.

The objection to the allowance of the claims of Mrs. Knibbs is not sustained.

If under the Smith Case, 153 N. Y. 124, some evidence was received which was incompetent under section 829, there is sufficient other evidence to sustain the claims and to justify the allowance and payment of the same by the executors.

The will of deceased provides for the division of his residuary estate into four parts, " One of said equal parts to be retained by my executors and executrix hereinafter named, in trust nevertheless, to invest and reinvest the same in good interest bearing securities and to pay the net income arising therefrom to my said son, William H. Knibbs, so long as he shall live."

As a result of considerable unsuccessful litigation conducted by the said son, the executors have two judgments for costs against him, which they now ask to be directed to satisfy from the income as it shall accrue in their hands as trustees for said sum.   It is conceded that such income will not be sufficient for the son's support.   Whatever equitable lien the executors might have to satisfy a debt due to their testator, it by no means follows that they have a right of retainer from

income of a trust fund to satisfy a judgment for costs against the beneficiary. The cases which maintain the right of retainer are based upon the principle that the giving of a legacy to a debtor does not forgive the debt and that the debt is an asset in the hands of the executor which he is bound to offset against the legacy. Matter of Charlick, 1 Dem. 34; Matter of Rudd, 4 id. 335; Matter of Colwell, 15 N. Y. St. Repr. 742. But where there is no direct gift of a principal sum to the debtor but rather to a third person or persons, it is clear that the executor has no right of retainer from the principal sum belonging to the third person to pay the debt of the life beneficiary. The duty of the executor is to pay the principal sum to the trustee named in the will by whom the income is to be collected and paid out in accordance with the direction of the will. The trustee, whether he be the executor or some other person, is not vested with the title to the debt and has no duty devolving upon him to collect a debt due the testator, and, therefore, has no right of retention or equitable lien to satisfy a debt with which he had no concern or to which he has no title. The one case reported which comes most nearly to holding the contrary doctrine is Matter of Foster, 38 Misc. Rep. 347, but the reasoning in that case does not commend itself as an authority which ought to be followed in the case at bar. Against the Foster case we have Matter of Bogert, 41 Misc. Rep. 598, and against the jurisdiction of the surrogate to pass upon the questions involved we have Matter of Widmayer, 28 Misc. Rep. 362. But the executors in the case at bar do not ask to have a debt due from the beneficiary to the testator satisfied by the application of the income, but ask that judgments for costs obtained by the executors against the beneficiary be so satisfied. Thus the case falls more nearly within the facts of the Widmayer case, although that case would seem to be much stronger from the equitable side since the judgment was recovered for misapplied trust funds. To reach and apply to the satisfaction of these judgments for costs the income from the trust fund created by the will would seem to require proceedings entirely foreign to the jurisdiction of this court. Code Civ. Pro., § 2463; Matter of Seymour, 76

App. Div. 300; Real Prop. Law, § 78; Tolles v. Wood, 99 N. Y. 616; Williams v. Thorn, 70 id. 270; Campbell v. Foster, 35 id. 361.

The decree will, therefore, not direct the executors to retain any money or the trustees to pay over any money on account of the said judgments for costs.

Decreed accordingly.