(45 Misc. Rep. 83)

### In re KNIBBS' ESTATE.

(Surrogate's Court, Rensselaer County. September, 1904.)

1. WILLS—CONSTRUCTION—TRUST FUND—JUDGMENT AGAINST BENEFICIARY.
　　Where testator directed his executors to retain one-fourth of his residuary estate in trust to pay the income therefrom to testator's son during life, and the income is insufficient for the son's support, and the executors have obtained judgment for costs against the son as the result of unsuccessful litigation conducted by him, they cannot, on their accounting, pay on account of such judgments any sums from the principal or income of the trust fund.

In the matter of the estate of James Knibbs, deceased. Objections to account of executors. Overruled.

Lockwood & Salisbury, for James Knibbs, contestant.
J. K. Long, for executors.
John C. McLean, special guardian.

HEATON, S. Judicial settlement, upon which several objections have been tried. The objections to payments to counsel for the executors are not sustained. The objection to the allowance of the claims of Mrs. Knibbs is not sustained. If, under the Smith Case, 153 N. Y. 124, 47 N. E. 33, some evidence was received which was incompetent under section 829, Code Civ. Proc., there is sufficient other evidence to sustain the claims, and to justify the allowance and payment of the same by the executors.

The will of deceased provides for the division of his residuary estate into four parts, "one of said equal parts to be retained by my executors and executrix hereinafter named, in trust, nevertheless, to invest and reinvest the same in good interest bearing securities and to pay the net income arising therefrom to my said son, William H. Knibbs, so long as he shall live."

As a result of considerable unsuccessful litigation conducted by the said son, the executors have two judgments for costs against him, which they now ask to be directed to satisfy from the income as it shall accrue in their hands as trustees for said sum. It is conceded that such income will not be sufficient for the son's support. Whatever equitable lien the executors might have to satisfy a debt due to their testator, it by no means follows that they have a right of retainer from income of a trust fund to satisfy a judgment for costs against the beneficiary. The cases which maintain the right of retainer are based upon the

principle that the giving of a legacy to a debtor does not forgive the debt, and that the debt is an asset in the hands of the executor, which he is bound to offset against the legacy. Matter of Charlick, 1 Dem. Sur. 34; Rudd v. Rudd, 4 Dem. Sur. 335; Matter of Colwell, 15 N. Y. St. Rep. 742. But where there is no direct gift of a principal sum to the debtor, but rather to a third person or persons, it is clear that the executor has no right of retainer from the principal sum belonging to the third person to pay the debt of the life beneficiary. The duty of the executor is to pay the principal sum to the trustee named in the will, by whom the income is to be collected and paid out in accordance with the direction of the will. The trustee, whether he be the executor or some other person, is not vested with the title to the debt, and has no duty devolving upon him to collect a debt due the testator, and therefore has no right of retention or equitable lien to satisfy a debt with which he had no concern, or to which he has no title. The one case reported which comes most nearly to holding the contrary doctrine is Matter of Foster, 38 Misc. Rep. 347, 77 N. Y. Supp. 922, but the reasoning in that case does not commend itself as an authority which ought to be followed in the case at bar. Against the Foster Case, we have Matter of Bogert, 41 Misc. Rep. 598, 85 N. Y. Supp. 291, and against the jurisdiction of the surrogate to pass upon the questions involved we have Matter of Widmayer, 28 Misc. Rep. 362, 59 N. Y. Supp. 980. But the executors in the case at bar do not ask to have a debt due from the beneficiary to the testator satisfied by the application of the income, but ask that judgments for costs obtained by the executors against the beneficiary be so satisfied. Thus the case falls more nearly within the facts of the Widmayer Case, although that case would seem to be much stronger from the equitable side, since the judgment was recovered for misapplied trust funds. To reach and apply to the satisfaction of these judgments for costs the income from the trust fund created by the will would seem to require proceedings entirely foreign to the jurisdiction of this court. Code Civ. Proc. § 2463; Matter of Seymour, 76 App. Div. 300, 79 N. Y. Supp. 122; Real Property Law, § 78; Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251; Williams v. Thorn, 70 N. Y. 270; Campbell v. Foster, 35 N. Y. 361. The decree will therefore not direct the executors to retain any money, or the trustees to pay over any money, on account of the said judgments for costs.

Decreed accordingly.