In the Matter of the Estate of MARY W. CRAMER, Deceased.

Surrogate's Court, New York County, February 16, 1938.

*Brown & Pollack*, for Wilmerding E. W. Cramer, petitioner.
*Edward B. Schulkind*, attorney-executor.

FOLEY, S.  This is an application by the beneficiary of a trust to compel the payment of the trust income to him.  The application is opposed by the executor who alleges that the petitioner was indebted to the decedent in the sum of $15,525.31.  The executor claims a right of retainer against the income on hand and future income.  The income from the trust now on hand is approximately $1,600.

The validity of the indebtedness of the petitioner to the estate is the subject-matter of litigation in another forum.  The petitioner contends, however, that he is entitled to the income irrespective of the validity of the debt.  For the purposes of this application the petitioner has consented that the court consider the debt as valid.

The general right of an executor to retain a legacy to satisfy a debt is unquestioned.  (*Matter of Hahn,* 163 Misc. 70; *Matter of James,* 149 id. 135; *Warren* v. *Warren,* 143 id. 43; *Matter of Eisner,* 129 id. 106; *Smith* v. *Kearney,* 2 Barb. Ch. 533.)

There appears to be a conflict in the authorities as to the enforcement of this right of retainer against the income of a trust.

Under the law of this State a testator may protect a beneficiary against his own improvidence by creating a trust for his benefit, the income from which is inalienable.  (Real Prop. Law, § 103; Pers. Prop. Law, § 15.)  This income is likewise protected against creditors of the beneficiary who may only reach a portion of it by an appropriate proceeding under section 684 of the Civil Practice Act or by an action in equity to impound surplus income.  Whether or not the beneficiary can invoke these rules against his own testator is the point on which the authorities disagree.

In *Smith* v. *Kearney* (2 Barb. Ch. 533) it was held that the executor had the right to retain trust income where the beneficiary was indebted to the estate.  Chancellor WALWORTH wrote at length on this doctrine of retainer and stressed the equitable nature of the right.  He stated (p. 547), " the right of the executor or administrator to retain the whole, or a part, of a legacy or distributive share, in discharge or satisfaction of a debt due from the legatee or distributee to the estate, is not only consistent with the soundest principles of equity, but is perfectly well settled."

This case was followed in *Leggett* v. *Leggett* (24 Hun, 333), where it was specifically held that the income should be retained in satisfaction of the debt of the beneficiary, and in *Matter of Foster* (38 Misc. 347), where a similar ruling was made.

Contrary determinations were made in *Matter of Bogert* (41 Misc. 598) and *Matter of Knibbs* (45 id. 83; revd., on another point, 108 App. Div. 134).  In the latter case the debt was not incurred in the

lifetime of the testator but was in the form of a judgment for costs obtained against the beneficiary by the executors.

These cases, denying the right of retainer against trust income, do not discuss the equitable nature of the right, but appear to be based on the strictly legal theory that an estate has no greater rights against the beneficiary than any other creditor.

There appears to be no subsequent decision directly in point, but all the recent authorities speak of the equitable nature of the right of an executor to retain a legacy in discharge of a debt due from a legatee. (*Matter of Randolph*, 159 Misc. 688; *Matter of Burr*, 143 id. 877; *Warren* v. *Warren*, Id. 43; *Matter of Eisner*, 129 id. 106; *Matter of Flint*, 120 id. 230.)

As the right is purely equitable in nature I hold that the executor is entitled to retain the trust income in satisfaction of a debt due from the beneficiary. To hold otherwise would permit the beneficiary to withhold payment from a fund from which he and others are to be paid. He would thus deprive others of their proper share of the estate. This is not equitable and, as was stated by Chancellor WALWORTH in *Smith* v. *Kearney* (*supra*, p. 549), " it is against conscience that he should receive any thing out of the fund without deducting therefrom the amount of that fund which is already in his hands, as a debtor to the estate." The matter is not a strict legal issue between the executor and the beneficiary, but concerns the rights of other persons interested in the estate.

The courts have permitted the application of trust income to a divorced or separated spouse of the beneficiary (*Wetmore* v. *Wetmore*, 149 N. Y. 520; *Matter of Yard*, 116 Misc. 19) and to make good the defalcations of a trustee. (*Matter of Burr*, 143 Misc. 877.) Here equity requires that the executor retain the income in satisfaction of the debt due from the beneficiary.

The application is denied. The executor should retain the income pending the determination of the validity of the debt. If the debt is held to be valid the income should be applied to its discharge.

Submit order on notice accordingly.