In the Matter of the Accounting of PETER A. SOELLER et al., as Temporary Administrators of the Estate of MARY SOELLER, Deceased.

In the Matter of the Accounting of PETER A. SOELLER et al., as Executors of MARY SOELLER, Deceased.

In the Matter of the Accounting of PETER A. SOELLER et al., as Trustees under the Will of MARY SOELLER, Deceased.

Surrogate's Court, Kings County, October 4, 1955.

*Bleakley, Platt, Gillchrist & Walker* for Peter A. Soeller and another, petitioners.

*Daniel G. Connolly* and *David Keller* for Alois J. Soeller, respondent.

*Joseph B. Cavallaro,* special guardian for Alois J. Soeller, Jr.

*Charles E. Murphy, Jr.,* special guardian for Alis McAvoy.

Moss, S. As incidents to the several filed accounts the court is required to determine the validity and effect of two paragraphs contained in one of the codicils to the testatrix' will, and to determine the manner of allocating the payment of premium for the trustees' bond, and other kindred problems.

The second codicil provided that the grandson, Alois J. Soeller, named as a life income beneficiary owed the testatrix $10,720 which she sought repeatedly to have repaid her; that " it was her deepest desire to have a fair and equitable distribution " of her estate " among the beneficiaries of the several trusts "; and that the amount of such indebtedness due from the named grandson shall be deducted from any share in her estate to which he as such beneficiary or his surviving issue as remainderman may become entitled under the will.

The grandson urges that the amount of his indebtedness be deducted from the principal of the trust of which he is the life beneficiary. The special guardians for the infant remaindermen oppose such construction and ask that the indebtedness be paid from the trust income which may be due the said grandson.

The court will give effect to the testatrix' expressed intent. By unequivocal language she indicated her desire for an equitable distribution to take place on the death of the debtor grandson. The deduction of the amount of the indebtedness from the principal of the trust of which the grandson is the life beneficiary would in fact destroy the equality of distribution intended by the testatrix.

The income of the testamentary trust is to be applied in satisfaction of the debt owed by the trust beneficiary to the testatrix (*Leggett* v. *Leggett,* 24 Hun 333; *Matter of Foster,* 38 Misc. 347; *Matter of Cramer,* 166 Misc. 713; *Matter of Eaton,* 282 App. Div. 32; *Matter of Schenk,* 208 Misc. 762, 773) so as to fully repay the debt, and, if it be unpaid on the said grandson's death, the unpaid balance will then be deducted from the principal of the trust.

Further instructions are requested with respect to the payment of income taxes if the indebtedness is to be deducted from income. Under section 1621 of the Internal Revenue Code (U. S. Code, tit. 26) trustees are not required to withhold taxes on trust income to be distributed.

Premiums on the bond of trustees like other ordinary expenses of administration of trusts must be borne by the income unless

the instruments creating the trusts or the statutes provide otherwise (*Matter of Walsh*, 171 Misc. 230; *Matter of Boyle*, 140 Misc. 523; Surrogate's Ct. Act, § 286). The cost of the trustees' bond is to be allocated to the trusts affected thereby in the proportion that the total charges in each individual account bear to the total charges of all the trusts. Settle decrees on notice.