Maximilian Moss, S.
The court must determine the admissibility of testimony given by the respondent in a discovery proceeding. Over objection, this court permitted the respondent to testify, subject to be stricken out later if deemed incompetent under section 347 of the Civil Practice Act, that she received a sealed envelope in the mail which contained inserted therein two smaller envelopes in one of which was contained a stock certificate, the issue of this proceeding. The respondent claims the ownership of said certificate by the assignment executed on its reverse side and by a bill of sale executed by the testator.
The action of the respondent in testifying as to the receipt of the stock certificate constituted a personal transaction with the deceased within the meaning of section 347 of the Civil Practice Act. The respondent’s testimony was tendered for the purpose of establishing a state of facts, to wit, the receipt and delivery to her of the stock certificate which would inure to her personal profit, and it falls within the statute’s inhibition (Holcomb v. Holcomb, 95 N. Y. 316; Matter of Katz, 49 N. Y. S. 2d 604; Matter of Smith, 153 N. Y. 124; Rosseau v. Rouss, 180 N. Y. 116; O’Brien v. Weiler, 140 N. Y. 281, 284). Delivery to an assignee with intent to vest title is essential to a valid gift (Katzman v. Ætna Life Ins. Co., 309 N. Y. 197, 203) and in this instance the testimony by the party in interest *799 to establish ‘ ‘ delivery ’? was in fact a transaction with the testator.
The objection to the respondent’s testimony is accordingly sustained, and her testimony is stricken from the record. No other proof having been adduced concerning the alleged gift, the petition is granted in all respects and respondent is directed to turn over to the executor the certificate of stock referred to in the petition. Settle decree on notice.