John M. Keane, S.
The -testamentary plan of Elsa Vail Connor was neither novel nor complex. She was survived by her husband and two adult children of a prior marriage. After nominal bequests of tangible property, she divided her estate into three equal trusts. A trust was created for. each child with income for life and remainder to their issue. A third trust was created for her husband with income for life and remainder to be poured over equally into the two trusts for the children.
*12 It is another part of the will which gives rise to problems on this judicial settlement of accounts. Elsa Vail Connor knew that her estate might be subjected to liabilities for obligations of her husband upon which she was 1£ an accommodation maker or endorser ’ ’. Presumably with this in mind, her will contained the following paragraph:
* ‘ Ninth : In the event that at the time of my death my Executor is required to pay any bank notes which may be due by reason of my being an accommodation maker or endorser on borrowings made for the benefit of my husband, the claim of my estate against my husband shall be considered an asset of my estate and shall as such an asset be allocated to and form a portion of the corpus of the Trust for my husband created under Article sixth of this Will.”
From the account it appears that, after making the bequests of tangible property, the principal amounted to $212,821.24. Disbursements totaled $56,263.09, leaving a principal balance of $156,558.15. Included in the disbursements were obligations of Charles L. Connor totaling $28,274.62. The corporate executor, which is also the trustee of the three trusts created under the will, proposes that in accordance with paragraph ‘£ ninth ’ ’ of the will, the payments of $28,274.62 made for the benefit of Charles L. Connor be deemed an asset of his trust.
Charles L. Connor has executed an instrument authorizing the- trustee to retain the income earned on his trust until $28,274.62, representing -obligations paid on his behalf by his wife’s estate, is paid. This instrument is not wholly satisfactory to the trustee. It would like more.
It has requested that the decree in this proceeding direct it to retain all the trust income in the Charles L. Connor trust until the entire $28,274.62 has been paid. In effect, the trustee asks this court to decree a 100% garnishment of his income until it retains $28,274.62.
It is conceded that this claim against Charles L. Connor for payment of his obligations is worthless. In the estate tax returns, the claim was deemed worthless and was so accepted by both the Federal and New York estate tax authorities.
No appearance has been made in this proceeding by Charles L. Connor. No objection has been made on his part about allocating the worthless claim of $28,274.62 as an asset of his trust. He did not request a setoff under section 200 of the Surrogate’s Court Act (now EPTL 5-3.1), nor did he exercise any right of election under section 18 of the Decedent Estate Law (now EPTL 5-1.1).
*13 After expenses of administration and debts have been paid, $156,558.15 will be available for division into three equal trusts, according to the account. The executor seeks to increase the potential corpus by adding $28,274.62, which has been paid for the benefit of Charles L. Connor. If these two figures are added, there would be available for the three trusts $184,832.77. Each trust would then be $61,610.92. The actual trust which would earn income for the benefit of Charles L. Connor would be $33,336.30 because the worthless claim of $28,274.62 has been allocated to it.
The first problem concerns the allocation of the worthless claim of $28,274.62 entirely to the trust for Charles L. Connor pursuant to paragraph “ninth”. Such an allocation could well support a limited right of election. Although the time to file such an election has expired, this court is not without power to direct an equitable allocation. (Decedent Estate Law, § 18, subd. [h]; now EPTL 5-1.1, subd. [a], par. [1], cl. [H]).
The account filed herein sets forth the proposed allocation in detail. Charles L. Connor has made no objection to the proposed allocation. Based on these facts, the court authorizes the executor to transfer the worthless claim of $28,274.62 as an asset of that value to the trust for -Charles L. Connor, as directed by paragraph “ ninth ”. The determination would have been otherwise if Charles L. Connor had objected or if full and complete disclosure had not been made in the account.
We now turn to the request of the trustee for a right of retainer against the income payable to Charles L. Connor until $28,274.62 is paid. The trustee asserts that its request is analogous to the right of a fiduciary to -set off against a legacy or distributive share of a beneficiary any debt due the decedent.
While the right to set off against the legacy or distributive share of a beneficiary any debt owed the decedent is supported by respected authority, it can result in a preference. Suppose a legatee receiving $1,000 under the will of his uncle had owed his uncle $500 when the uncle died. The executor could set off the debt against the legacy even though the beneficiary owed $1,000 in delinquent support payments to his wife and children.
A legacy or distributive share exists at a single point in time. Only a creditor at that point in time might be harmed by preferential treatment. Retention of income over a period of many years could well affect many creditors.
Counsel for the fiduciary has submitted a comprehensive brief in support of a right of retainer. This court concludes that there is an irreconcilable conflict in the reported decisions on this particular question. Decisions granting the right of *14 retainer are generally based on that broad and ever undefined concept known as equity. Penial of tbe right is generally based on the law applicable to spendthrift trusts or to preferences among creditors.
In Matter of Cramer (166 Misc. 713 [1938]), Mr. Surrogate Foley reviews the authorities in a succinct opinion. In support of the right of retainer which he granted, he cites Smith v. Kearney (2 Barb. Ch. 533 [1848]), Leggett v. Leggett (24 Hun 333 [1881]) and Matter of Foster (38 Misc. 347 [1902]). The basis for granting the right is found in this excerpt from Matter of Cramer (supra, p. 715): i( As the right is purely equitable in nature I hold that the executor is entitled to retain the trust income in satisfaction of a debt due from the beneficiary. To hold otherwise would permit the beneficiary to withhold payment from a fund from which he and others are to be paid."
Subsequently, in Matter of Sawin (173 Misc. 428 [1940]) and in Matter of Soeller (208 Misc. 781 [1958]) the right of retainer was granted upon broad equitable grounds. In all of the above cited cases the courts stressed the unfairness in letting a person benefit from the estate without paying his obligations due the decedent.
Shifting to the other line of cases, it might be well to staff with the rule relating to spendthrift trusts as set forth in Matter of Chamberlin (289 N. Y. 456, 461 [1948]). The court stated: “ The applicable rule has been stated as follows: (Where a testator leaves his estate in trust for several beneficiaries, one of whom was indebted to the testator, the interest of that beneficiary is subject to a charge for the amount of his indebtedness, unless the testator manifested an intention that his interest should not be subject to such a charge * * *. Where by the terms of the trust or by statute it is provided that the interest of a beneficiary shall not be assigned by him or reached by his creditors, in other words where the trust is a spendthrift trust, the inference is that the testator intended that the beneficiary should enjoy the whole interest given him under the trust, and that the amount of his indebtedness to the testator should not be a charge upon his interest.’ (2 Scott on The Law of Trusts, p. 1436. Of. Restatement of the Law of Trusts, § 251.) "
Although a question arose whether a trust or an annuity was involved in Matter of Chamberlin (supra), the court found a clear intent on the part of the testatrix to provide for her son without reduction for repayment of indebtedness. Accordingly the decision of the court below was modified to eliminate the direction to the trustee to retain payments for application on the debt.
*15 Reliance on the law of spendthrift trusts supported a denial of the right of retainer in Matter of Patterson (73 N. Y. S. 2d 433 [1947]).
Another basis for denying the right concerns the rights of creditors. (See Matter of Bogert, 41 Misc. 598 [1903].) Two other cases which probably are less apropos because the debts were costs in an estate proceeding are Matter of Knibbs (45 Misc. 83 [1904]) and Matter of Ungrich (201 N. Y. 415 [1911]).
After reviewing the decisions above, the principles must be applied to the facts in the present proceeding. The trustee pleads equity as the basis of its request for a right of retainer. The court’s conception of equity is somewhat different.
The trustee in accordance with paragraph “ i-tinth ” seeks to fund the trust for decedent’s husband with a worthless asset to which a value of $28,274.62 has been assigned. This immediately reduces the income payable to the beneficiary. If the worthless claim had not been used to fund the trust, then the court might be persuaded by the argument of equity. However, this trustee is bound by the terms of the will. No objection having been made by ¡Charles L. ¡Connor to the allocation of this worthless asset to his trust, this court has approved it. A further restraint on payment of income until the claim is paid does not seem equitable to this court.
As long as the public policy of this State makes every testamentary trust a spendthrift trust, this court cannot sustain a request by a creditor, even though the creditor is the trustee, for a 100% retention of all income until the claim of the beneficiary is paid.
Therefore, the request of the trustee for a decree directing retention of all the income up to $28,274.62 is denied. However, in accordance with the direction made by Charles L. Connor to use all income payable to him to reduce this claim, the decree shall direct that all income presently payable to him shall be applied in reduction of the claim.
The executor has proposed that the setoff of $1,000 payable to Charles L. Connor under subdivision 4 of section 200 of the Surrogate’s Court Act (now EPTL 5-3.1, subd. [a], par. [4]) be applied in reduction of the claim. Had the surviving spouse objected, this sum would not be payable to a creditor. (Matter of Macneal, 174 Misc. 947 [1940].) No objection being made to the application requested, the spouse’s setoff may be applied against his indebtedness to the executor.
Over 90% of the property on hand consists of stock owned by the decedent in a company in which her family was interested. The executor has proposed that the trusts be funded primarily *16 with these shares at their date-of-death value. The transfer of these shares to each trust is permissible but their value must be that on the date of distribution. (See EPTL 11-1.1, subd. [b], par. [21].) The executor shall submit with the proposed decree evidence sufficient for the court to determine the value of the shares for distribution under the decree.