CORNELIA P. ACKERMAN, Respondent, *v.* MARIE L. ACKERMAN and Others, Defendants, Impleaded with NEW YORK SOCIETY FOR THE RELIEF OF THE RUPTURED AND CRIPPLED and Others, Appellants.

First Department, December 30, 1927.

Wills — construction — testator died leaving widow and son surviving — will devised property in question to wife for life with remainder to son and his heirs — 7th paragraph provided that real property was not to be sold until death of wife and upon her death it was to become " absolute property of my son, Joseph William, to him, or to his heirs and assigns absolutely and forever " — 11th paragraph provided that in case son should die before testator without heirs all income of property should go to wife for life and remainder over to named devisees — second codicil annulled paragraph 11, but did not revoke bequest of remainder to son — on son's death subsequent to father's death, property vested in mother and passed by her will.

The determination of this action in partition depends upon the construction of a will and two codicils. The testator died leaving surviving his widow and an only son. Testator devised the real estate involved in this action to his wife for life, with remainder to his son and his heirs, and provided in the 7th paragraph of the will that the real property should not be sold until the death of the wife and that upon her death it should then become " the absolute property of my son, Joseph William, to him, or to his heirs and assigns absolutely and forever." This clause of the will devises a vested remainder in the property which would accrue to the son at the time of the death of the testator.

This devise of the vested remainder was not revoked by the second codicil of the testator's will. That codicil by its terms purports to revoke paragraph 11 of the original will which provided that in case the son should die before the testator without heirs all the income of the property of the testator should go to the wife of the testator for her life and upon her death the property should be sold and one-half be paid to such persons as the wife might appoint. The second codicil stated that the testator annulled and made void paragraph 11 of his will, that is, such part of that paragraph as provides that in case

his son should die before his wife she could give or convey the one-half part of his estate to whom she pleased.

The proper construction of the will and of the codicil leads to the conclusion that it was the intention of the testator to revoke only the 11th paragraph and not to revoke that part of the original will which devised a remainder to the son.

The son having survived his father, his vested remainder upon his death prior to that of his mother vested in her, and her life estate then was extinguished and merged in the fee. Therefore, a devise of the property by the mother passed the entire estate to the devisee.

APPEAL by the defendants, New York Society for the Relief of the Ruptured and Crippled and others, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 21st day of March, 1927.

*Thomas W. Kelly* of counsel [*Coudert Brothers,* attorneys], for the appellants William Milne and James E. Hopkins.

*M'Cready Sykes* of counsel [*George L. Shearer* with him on the brief; *Stewart & Shearer,* attorneys], for the appellant New York Society for the Relief of the Ruptured and Crippled.

*Harold Swain* of counsel [*Arthur H. Indell* with him on the brief; *Harold Swain,* attorney], for the plaintiff, respondent.

*Albert L. Phillips* of counsel [*John M. Ruck,* attorney], for the respondent Marie L. Ackerman.

*Lydecker Van Riper* for the respondents Franz Ochs, as mayor of Stupferich, etc., and Georges A. Leroy and Lucie Savin Leroy.

*Charles B. Dullea,* for the respondents George Kessler, Betina Wilhelmina Genelay, Anna Louise Genelay Dobbs, Elizabeth Genelay, John Herbert Genelay and May Adelaide Genelay.

McAVOY, J. The judgment in partition in this action found that the title to the premises Nos. 92–94 Franklin street, Manhattan, is vested in the plaintiff and certain defendants other than the appellants.

The appellant New York Society for the Relief of the Ruptured and Crippled claims to be the sole owner in fee of the estate in remainder of the premises in question, contending that the plaintiff and the defendants who claim an interest with her have no interest in or title to any part of the property, and, therefore, appellant asserts that the complaint should be dismissed.

Our determination must be based on an interpretation of the will and two codicils of Joseph Becker, deceased, who died seized of the premises. The testator died leaving surviving Cornelia D. Becker, his widow, and Joseph William Becker, his only surviving

child. He devised the real estate, which is here involved, to his wife for her life, with remainder to his son and his heirs.

The 7th paragraph of his will provides that the real property is not to be sold until the death of the wife, and that upon her death it is then to become " the absolute property of my son Joseph William; to him or to his heirs and assigns absolutely and forever." This clause devises a vested remainder in the property which would accrue to the son at the time of the death of the testator when the will would speak with effect; and unless this has been divested by the death of the son prior to the death of his mother or has been revoked by a clause in the 2d codicil to testator's will published some four years afterwards, the property in question became merged with the widow's life estate upon the death of the son after the testator, leaving the vested remainder undisposed of; and the plaintiff would then have no interest, since the will of the widow of the original testator devised her remaining interest in her residuary estate to the appellant New York Society for the Relief of the Ruptured and Crippled.

The 2d codicil, which brings about the controversy, and without the provisions of which there could be no claim on the part of the plaintiff or the defendant Marie L. Ackerman, by its terms expressly amended paragraph 11 of the testator's will and, plaintiff claims, revoked the devise of the remainder to testator's son.

The judgment below decided that such was its effect, and found the title vested in certain devisees mentioned in the 2d codicil and such successors in interest as have since become entitled to their predecessors' estates. This 2d codicil purports by its terms to revoke only article 11 of the original will. The learned trial court held that it also revoked article 7, by which the vested remainder was originally created. The 11th paragraph of the will provides that in case Joseph William dies before the testator and leaving no lawful heirs, all the income of the property of the testator is bequeathed to the wife Cornelia for the term of her natural life, and at her death the testator provides that by an order of the court the public administrator is to sell the property at auction and to divide the properties according to the following scheme: One-half is to be paid to such persons as his wife shall by her last will and testament direct to receive the same, and one-quarter of the other part is to be divided among various relatives of the testator and his first wife, and the other quarter part he directs to be sent to the mayor of his birthplace in the town of Stupferich, Baden, Germany, to be distributed to his descendants, if any, and to the poor.

The clause in the 2d codicil, written in the handwriting of the testator himself, and containing some inaccuracies in English,

provides, in effect, that he annuls and makes void article 11 of his will, that is, such part of article 11 as provides that in case his son Joseph William should die before his wife, she could give or convey the half part of his estate to whom she pleases. That disposition is obviously what is revoked. The 2d codicil revokes and annuls that part, as he states, that is, the part which states that his wife could give or convey that half part of his estate to whom she pleases, and then he directs that if his son should die before his wife, then such half part of the estate shall be given to the two daughters of his wife's sister, Nellie and Marie. To construe this clause of the 2d codicil as speaking as of the death of the son prior to the wife and after the death of the testator, would be destructive of the gift to the son of the vested remainder in clause 7. Since clause 7 is not mentioned or revoked of its effect in the 2d codicil's terms, it is obvious that so to construe the codicil does violence to what may be assumed to be the natural desire of the testator to give to his son the disposition of the remainder vested in him by the 7th clause of the will either by allowing its descent to his children, if any, through intestate succession, or by permitting the remainder to vest in his mother if he should die before her without disposition of such remainder, and makes for a most unusual intent on the part of a parent without adequate words to support it, and in fact with an omission of the necessary words to bring it into view. This testator was positive and direct in regard to that which he wished to make plain. He annuls and makes void article 11, " which says " certain things, and points out in what respect this article is to have no further force. He makes no provision for annulling article 7 of the will, but leaves that clause's disposition of the estate after his wife's death as it stood, that is, to his son Joseph William and his heirs, creating on testator's death and survival of the son a vested remainder.

This devise was of a vested estate which was devisable, decendible and capable of alienation, and, therefore, not subject to being divested if the son survived the testator. Such an estate was not destroyed by the 2d codicil, nor was it attempted to be destroyed under any interpretation which can be gathered from the language of such codicil or any circumstances indicating the reasons of its making. Since this complete state of inheritance, with its disposition, passed to the son, it was his to dispose of since he survived the testator for twelve years. He was unmarried and his mother was living when he died. At such death without any testamentary disposition by will, the descent carried the remainder estate to the mother. The son made no will and his mother was his sole heir. In her will she made the New York Society for the

Relief of the Ruptured and Crippled her residuary legatee and devised to it in residue all her property in memory of her deceased children, one of whom was the son who left the property to her. This property passed to her as her son's heir and vested in her possession and enjoyment upon his death. Her life estate then was extinguished and merged in the fee. The sole contingency on which the plaintiff Cornelia Ackerman and the defendant Marie L. Ackerman had any estate in this property never happened, to wit, that the son should predecease the testator without heirs, as described in paragraph 11 of the will.

The judgment should, therefore, be reversed, with costs to the defendant society, the complaint dismissed and judgment directed for said defendant, with costs. Appropriate findings of fact and conclusions of law should be submitted, as indicated in this opinion; all inconsistent findings and conclusions of law found below should be reversed. No costs should be allowed to the plaintiff or the codefendants.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment reversed, with costs to the defendant society, the complaint dismissed and judgment directed for said defendant, with costs. Settle order on notice.