In the Matter of the Estate of ANNIE CLARKSON, Deceased.

Surrogate's Court, New York County, May 6, 1930.

*Cobb, Cosgrove, Harter & Wright* [*Delos Cosgrove, Roswell Taylor, Loren Harter* and *DeWitt, Lochman & DeWitt* of counsel], for Thomas S. Clarkson College of Technology.

*Charles A. Curtin*, for State Tax Commission.

FOLEY, S. This is an appeal by the Thomas S. Clarkson Memorial College of Technology from the report of the appraiser and the *pro forma* order assessing tax entered thereon on February 26, 1930. The ground of appeal is that the report and order erroneously assessed a tax on the life estate of Emilie V. Moore, one of the persons named in the will of this decedent. Annie Clarkson, the decedent herein, died on October 2, 1929, a resident of New York county, leaving a last will and testament, which was duly admitted to probate on October 21, 1929, and letters testamentary issued thereon. By the 11th clause of said will the testatrix bequeathed her residuary estate in trust to a trustee with directions to pay the income to her sister, Emilie V. Moore, during her life and upon her death to pay over the principal to the Thomas S. Clarkson Memorial College of Technology of Potsdam, St. Lawrence county, N. Y. This corporation comes within the provisions of section 221 of the Tax Law (as amd. by Laws of 1928, chap. 844), which exempts from tax a legacy to an educational corporation. On October 23, 1929, twenty-one days after the death of decedent herein and two days after the will was admitted to probate, Emilie V. Moore executed an instrument whereby she renounced and declined to accept any of the benefits intended for her under the 11th clause of the decedent's will. By reason of this renunciation, the Thomas S. Clarkson Memorial College of Technology contends that the residuary estate passes directly to it under the will and no tax should be assessed on the life interest created in the will for Emile V. Moore. The Tax Commission contends that as the interest of the parties named in the will is fixed as of the date of death of decedent, the life estate of Emile V. Moore is taxable and Mrs. Moore could not thereafter change the situation by her renunciation.

The appeal is sustained. I hold it was within the power of the sister, as life tenant of the trust, to renounce the benefits created for her in the will. No taxable transfer became effective by reason of the will. This case is substantially similar to the facts

in *Matter of Merritt* (155 App. Div. 228). There the person interested was a *cestui* of a trust. She renounced her right to receive a certain part of the income. The part of the benefit renounced was held not subject to a transfer tax. Authority for my conclusion may also be found in *Matter of Wolfe* (89 App. Div. 349; affd., 179 N. Y. 599). That case involved an outright legacy which the legatee had refused to take. The Appellate Division pointed out that no transfer was effected because there was no property to transfer and if the legatee renounced the gift and refused to receive it, " no tax can be collected with respect to him because there has been no transfer to him." The principle of law which permits the right of a legatee to refuse a benefit has been likewise accepted in cases where the transfer tax was not involved. (*Albany Hospital* v. *Albany Guardian Society*, 214 N. Y. 435; *Burritt* v. *Silliman*, 13 id. 93.)

Counsel for the State Tax Commission contends that certain language in section 230 of the Tax Law (as amd. by Laws of 1928, chap. 549) sustains his theory that the transfer here is taxable. That specific language reads as follows: " Where an estate for life or for years can be divested by the act or omission of the legatee or devisee it shall be taxed as if there were no possiblity of such divesting." In my opinion the provision has no application to the present situation where there was a complete renunciation of the benefit. The language quoted applies to a situation where it is within the power of the life tenant by his own act to terminate the trust wholly or in part after the benefit is accepted. Here it was refused before its inception. There is no evidence before me of bad faith by the educational corporation or the life tenant or any attempt to avoid the transfer tax. Cases may arise where a life tenant may attempt to renounce the income in order to participate in an absolute distribution of the remainder. There a different conclusion may be necessary. In the *Merritt* case, cited above, a similar finding of good faith on the part of the annuitant was made.

There was no transfer to Emilie V. Moore and no tax can be assessed against any such transfer. The residuary estate passed directly to the Thomas S. Clarkson Memorial College and the entire fund is exempt from taxation.

Submit order in accordance with this decision sustaining the appeal.