In the Matter of the Estate of MARY W. HANNA, Deceased.

Surrogate's Court, New York County, May 17, 1935.

*Francis L. Wellman,* for the executor, Irving Trust Company.

FOLEY, S. In this accounting proceeding the executor seeks permission to distribute the residuary estate directly to Juanita

Wells Vincent, the vested remainderman of the residuary trust. The terms of the will directed that the income of that trust be paid to Kate H. Wells, the mother of the testatrix, for her life and upon her death the principal was directed to be paid outright to Mrs. Vincent named above. This application is typical of the frequent appeals made to the Surrogate's Court, particularly in this time of depression, by beneficiaries of testamentary trusts, whether in large or small amounts, who seek to destroy the trusts and to make immediate absolute distribution of the trust funds or property. The average attorney for the applicant in such cases, who is not a specialist in the law of trusts, is unfamiliar with the stringent restrictions of the statutes and the numerous and emphatic decisions of the Court of Appeals which prohibit the destruction of trusts.

The testatrix died September 10, 1934, leaving an estate consisting entirely of personal property. Filed with the executor's account is an instrument dated and acknowledged on April 3, 1935, in which the mother renounced and declined all her interest as life beneficiary in the residuary trust. The instrument requests the corporate executor not to qualify as trustee in accordance with the provisions of the will, but to pay over the residuary estate directly to the remainderman, Mrs. Vincent.

The testatrix has created a valid trust which is not to terminate until the death of her mother. The trust is indestructible. (Pers. Prop. Law, § 15; Real Prop. Law, § 103.) The contemplated distribution would ignore the entire plan of the will. It is of no importance whatsoever that the trust is small in amount, being approximately $7,000. It has been repeatedly held that no act of the parties interested nor any decree or judgment of any court may terminate a valid trust before the expiration of the time designated by the testator. (*Matter of Wentworth*, 230 N. Y. 176; *Metcalfe* v. *Union Trust Co.*, 181 id. 39; *Cuthbert* v. *Chauvet*, 136 id. 326; *Lent* v. *Howard*, 89 id. 169; *Douglas* v. *Cruger*, 80 id. 15; *Matter of Lee*, 114 Misc. 511; *Matter of Hull*, 141 id. 288.) The trust must stand under the terms of the will and the remainder, whether contingent or vested, cannot be accelerated nor may the fund be divided as the beneficiaries or the trustee may wish.

In *Cuthbert* v. *Chauvet* (136 N. Y. 326) the Court of Appeals held that the Supreme Court had no power to ignore the terms of a will or to abrogate a testamentary trust even though the parties interested sanctioned and desired it. The opinion states: " Trusts are usually created for the purpose of withholding from the beneficiaries or other interested parties the control and disposition of the principal of the trust fund for reasons which appear sufficient to the settlor, and they are not as a general rule regarded with

satisfaction by the persons who are thus deprived of the possession of the trust estate; and if the precedent here sought to be established should prevail, it would be easy for the parties, who would profit by a dissolution of the trust, to create a condition, which would render such a result attainable." In that decision, also, the effect of the statutory prohibition against the assignment by the life tenant was considered and the court held that all express trusts which are valid in their creation were endowed by the statute " with the attribute of indestructibility." Reference was made to the absolute lack of power in any court to dispense with the enactment of the Legislature. (*Cruger* v. *Jones*, 18 Barb. 467; *Douglas* v. *Cruger*, 80 N. Y. 15.) In the latter case Judge EARL stated: " The Supreme Court has not the power to destroy a valid trust. The purpose of the statute was to make these trust estates and trust interests indestructible and absolutely inalienable during the existence of the trust, and if they could be rendered alienable by the order of the court, the whole scheme of the statute would be greatly impaired and its purpose thwarted. The statute does not confer upon the Supreme Court power to authorize such conveyances."

In *Metcalfe* v. *Union Trust Co.* (181 N. Y. 39, at p. 48) Judge BARTLETT vigorously stated the reasons for the statutory prohibitions against the destruction of trusts. He showed that it was intended that the wills of testators might not be destroyed by life tenants and remaindermen even if the trustees consent. The purpose of the testator to protect an improvident son or an extravagant and frivolous daughter is entitled to enforcement after his death. Again, in *Matter of Wentworth* (230 N. Y. 176), the intent and effect of the statutes were considered and the rule against destructibility restated. In that case it was further held that the mere discretion to invade the principal of the trust could not be used as a device to destroy it, nor could the acquiescence of and estoppel against a beneficiary be used to circumvent a provision in a will for the support and maintenance of an improvident person for life, nor any combination of beneficiaries and trustee be countenanced which is directed towards a common purpose of escaping from the trust.

My decision in *Matter of Clarkson* (137 Misc. 741), cited by the petitioner, is not authority to the contrary. The question in that case arose in a transfer tax proceeding, and under the exceptional circumstances I held that a tax could not be assessed against the transfer of the interest of a life tenant who had timely renounced any interest in the estate. In the pending proceeding, Kate H. Wells, the life tenant, having renounced her benefits under the sixth paragraph of the will, the income accruing from the trust is

payable during the life of Kate H. Wells to Juanita Wells Vincent as the person presumptively entitled to the next eventual estate. (Real Prop. Law, § 63; *Matter of Graham*, 145 Misc. 628; *Matter of Harteau*, 204 N. Y. 292.)

Under the special circumstances of this estate the renunciation of the life tenant will be accepted. Such practice is not to be encouraged. Cases may arise where the employment of a renunciation would be a device for the sale of the life interest to the remainderman who would become entitled to the income as the owner of the next eventual estate. By such a renunciation, an improvident life tenant might be able to escape the terms of the will in the sale for an absolute amount of his future interest in the income of the trust. In such a case the courts might well construe the effect of the renunciation as being prohibited by section 15 of the Personal Property Law and within the mandate of that section which provides that the right to the income " cannot be transferred *by assignment or otherwise.*" (Italics mine.)

Decree signed in accordance with this decision directing the executor to turn over the residuary estate to the trustee who shall qualify and execute the trust created by the sixth paragraph of the will. If the trustee named in the will fails to qualify a new trustee will be appointed by the court.