In the Matter of the Estate of LEOPOLD FREIBERGER, Deceased.

Surrogate's Court, New York County, November 3, 1941.

*Joseph E. Greenberg,* for the petitioners.

FOLEY, S.   In this executors' accounting approval of a distribution made under an alleged compromise agreement is sought.

The will provides for an outright gift of one-half of the residuary estate to the testator's sister Fannie, and creates a trust of the other one-half of the residuary estate for the testator's sister Pauline. On the death of Pauline the remainder of the trust is given outright

to the sister Fannie *nominatim*. Thus the sister Fannie received an absolute gift of one-half of the residuary estate and a vested remainder in the trust created of the other one-half of the residuary estate.

The executors' account shows that one-half of the residuary estate has been distributed outright to each of these sisters. In support of this distribution an alleged compromise agreement is attached to the account. The compromise agreement recites some vague dispute as to the validity of the will and the making of an oral agreement either before or after the probate of the will under which each of the sisters was to receive one-half of the residuary estate outright. This agreement was executed April 10, 1941. This decedent died June 2, 1940, and his will was admitted to probate on June 17, 1940. The testator's sister Pauline executed a waiver of citation in the probate proceeding on June 6, 1940, four days after the death of the decedent. The expedition with which the will was probated and the fact that the waiver of citation was signed four days after death are completely inconsistent with any contention that a contest of the validity of the will had been threatened or any such dispute as to the validity of the will existed prior to its probate. Clearly the proposed compromise was an afterthought. The papers on file disclose no basis whatever for a contest of the will. It is obvious that the compromise agreement was the result of the disappointment of one sister because she was the beneficiary of a trust rather than an outright legatee.

This application to condone the destruction of a testamentary trust is typical of the many appeals which have been made to Surrogates' Courts in these times of economic stress. The parties to the agreement and the draftsman thereof were wholly unfamiliar with the stringent restrictions prohibiting the destruction of a testamentary trust and the unbroken line of decisions enforcing this statutory prohibition. No act of any of the parties interested, no matter how worthy the motive, may terminate a valid trust created by a will before the expiration of the trust term fixed by the testator. (Pers. Prop. Law, § 15; Real Prop. Law, § 103; *Matter of Wentworth,* 230 N. Y. 176; *Metcalfe* v. *Union Trust Co.,* 181 id. 39; *Cuthbert* v. *Chauvet,* 136 id. 326; *Matter of Hanna,* 155 Misc. 833.) The valid testamentary trust created by the will must, therefore, be set up and administered and the principal held intact until the death of the life tenant.

Accordingly, the approval of the distribution made and of the compromise agreement is denied. The property distributed to the trust beneficiary must be recaptured and set aside as the corpus of the trust for her benefit. A supplemental account must be filed

on or before November 25, 1941, showing repossession of the trust property by the executors for distribution to the trustees. Thereafter a decree may be submitted on notice settling the account and the supplemental account if the directions of the surrogate have been obeyed.

Proceed accordingly.