In the Matter of the Application of KEARN J. MULLEN, as Foreman of the Grand Jury for the September, 1940, Term of the County Court of Queens County, Petitioner, against CHARLES S. COLDEN, County Judge of the County of Queens, Respondent, to Review and Annul the Determination and Order of the Respondent Denying Petitioner's Application for an Order Adjudging JOHN J. HALLERAN, Intervenor, Guilty of Criminal Contempt of Court.

Supreme Court, Special Term, Queens County, May 6, 1942.

John J. Bennett, Jr., Attorney-General [John Harlen Amen, Assistant Attorney-General, of counsel], for the petitioner.

Thomas J. Diviney, for the respondent.

Charles T. Murphy, for the intervenor.

WENZEL, J.   This is a proceeding under article 78 of the Civil Practice Act to review the order of the County Court of Queens County which denied the petitioner's application to punish the intervenor for contempt of said court.   It was instituted following the dismissal of an appeal taken by the petitioner from the said order.   In dismissing said appeal the Appellate Division (Matter of Mullen v. Halleran, 263 App. Div. 957) pointed out that petitioner had mistaken his remedy, which " is by certiorari."

It would at first appear that the Appellate Division placed upon this court a constraint when it pointed out that the petitioner's remedy is by certiorari.   However, further reflection indicates that that part of the decision which pointed out the remedy is dictum.   It points out the general procedure for reviewing criminal contempts of court, and does not pass upon the substance or the validity of the situation here presented, where the County Court itself refused to find the intervenor in contempt of said court. (See opinion of COLDEN, J., 177 Misc. 734.)

The petitioner has been unable to cite a single case in which it was sought to review a finding of a court refusing to adjudge a person in contempt.   It is difficult to perceive upon what theory

this court can vindicate the dignity of the County Court which has already ruled that the intervenor had not been in contempt thereof.

I do not believe that it falls within the province or authority of this court to affront the County Court of Queens County by finding that it did not know when it had been held in contempt.

The motions to dismiss the petition are, accordingly, granted.