In the Matter of the Judicial Settlement of the Intermediate Account of First Trust & Deposit Company, as Executor, etc., of Georgia E. Chamberlin, Deceased.— Decree affirmed, with costs payable out of the estate. Memorandum: The provision in paragraph " Fifth " of decedent's will, which directs that the trustee " pay over in monthly installments to my son, Harold O. Chamberlin, such amount of the principal of this trust as together with the income from the trust will equal the sum of Eighty ($80.00) Dollars per month," constitutes a gift of specific amounts payable out of both income and principal and such gift, or annuity, does not come within the prohibitions against alienation thereof, which

are contained in section 15 of the Personal Property Law and in subdivision 1 of section 103 of the Real Property Law. (*Matter of Trumble*, 199 N. Y. 454; *Matter of Fowler*, 263 App. Div. 255.) The appellant failed to establish that his debt to testatrix (his mother), which was contracted subsequent to the time when she made her will and which is evidenced by his demand promissory notes payable to her order, was canceled by her during her lifetime. A mere intention to make a gift which has not been carried into effect, confers no right upon the intended beneficiary. There must be also delivery beyond the power of further control and dominion. (*Vincent* v. *Rix*, 248 N. Y. 76, 85; *Matter of Green*, 247 App. Div. 540; *McCarthy* v. *Pieret*, 281 N. Y. 407, 409.) The respondent, therefore, is entitled to retain the annuity payments until the debt, due from appellant, is satisfied. (*Matter of Cramer*, 166 Misc. 713; *Matter of Sawin*, 173 id. 428; *Smith* v. *Kearney*, 2 Barb. Ch. 533.) All concur, except Harris, J., who dissents and votes for reversal and for granting a new trial in the following memorandum: The reason that I dissent is that the context of the provisions of the will, in reference to the trust fund for the son, carry the meaning of an intent that the fund was to be used for the support of the son. It is true that it is not a spend-thrift trust and, therefore, it would be subject to ordinary creditors' debts; but the debt, enforcement of which is sought here, is that of the estate of the very person who set up the fund for the benefit of the son, and under these circumstances, I believe that such a debt is not a charge against such a fund in view of the intent shown by the will. The surrogate could have regarded Exhibit 3 as an evidence of then payment or absolution of the debt. (The decree dismisses the objections of a legatee, adjudges certain promissory notes to be valid and enforcible against him and directs that the income and principal payments due him should be retained to an amount equal to the notes, in a proceeding for the settlement of accounts of an executor.) Present — Cunningham, Taylor, Dowling and Harris, JJ.