In the Matter of the Estate of GEORGE F. CASWELL, Deceased.

Surrogate's Court, Oneida County, June 14, 1944.

*Evans, Stevens & Evans* for petitioner.

*Lawrence T. Cook,* special guardian of George F. Caswell, Jr., an infant.

*Johnson D. McMahon* for Margaret V. Caswell, respondent.

RINGROSE, S.   This is an application under section 19 of the Decedent Estate Law for an order authorizing and confirming the agreement between the executor of this estate and the widow of the testator, compromising an action now pending between the parties in the State of Florida.

George Frederick Caswell, the testator, died a resident of the city of Rome, New York, on the 25th day of December, 1940, survived by his widow, Margaret Caswell, and three sons, William B. Caswell, Tiffany B. Caswell and George Frederick Caswell, Jr.   The infancy of the last named necessitated this application.   He is represented in this proceeding by Lawrence T. Cook, Esq., as special guardian.

The will of the deceased, which was executed on July 18, 1939, was admitted to probate by this court on February 3, 1941.   The testator devised and bequeathed two thirds of his estate to his three sons and erected a trust of the remaining

one third for the benefit of the widow, from the corpus of which she is bequeathed the sum of $2,500 outright and the income from the balance payable in quarterly installments or oftener, in the discretion of the trustee. Upon the death of the widow the sons receive the corpus of the trust. The testator designated his son, William B. Caswell, as the executor and trustee of his will and testamentary guardian of the son, George Frederick Caswell, Jr.

The testator died seized of a parcel of real property in the State of Florida, of the appraised value of $14,000. It is sought, in the action instituted in the State of Florida, to have this parcel of real estate exempted to the widow under the Florida statute providing for " widow's homestead exemption ".

It is proposed by the agreement of settlement that the widow will relinquish and release all of her interest in her husband's estate, including her right to the income from the trust, upon payment to her of the sum of $18,662.18. Since the net value of the testator's estate, as of the date of death, was $78,953.43 and is now in excess of that amount, the proposed compromise, if confirmed, would augment the share of the infant in the estate. Approval and confirmation are denied exclusively upon the ground that the widow or her representatives would not be precluded from thereafter enforcing the testamentary trust in her favor.

Section 103 of the Real Property Law provides as follows: " § 103. *What trust interest may be alienated.* 1. The right of a beneficiary of an express trust to receive rents and profits of real property and apply them to the use of any person, can not be transferred by assignment or otherwise, but the right and interest of the beneficiary of any other trust in real property, including the beneficiary of a trust under subdivision five or subdivision six of section ninety-six of this chapter, may be transferred.

" 2. The provisions of this section as here amended shall not impair or affect any rights existing on March twenty-fifth, nineteen hundred and three."

An analogous provision applies in respect to trusts of personal property. (Personal Property Law, § 15.) " § 15. *Personal property not alienable in certain cases.* 1. The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, can not be transferred by assignment or otherwise. But the right and interest of the beneficiary of any other trust

in personal property, including the beneficiary of a trust in personal property under a plan of reorganization pursuant to chapter seven hundred forty-five of the laws of nineteen hundred thirty-three, as enacted or amended, and/or pursuant to chapter nineteen of the laws of nineteen hundred thirty-five, as enacted or amended, and/or pursuant to sections one hundred nineteen to one hundred twenty-three, both inclusive, of the real property law or pursuant to section seventy-seven-b of the national bankruptcy act, may be transferred. Provided, however, that when the proceeds of a life insurance policy, becoming a claim by death of the insured, are left with the insurance company under a trust or other agreement, the benefits accruing thereunder after the death of the insured shall not be transferable, nor subject to commutation or incumbrance, nor to legal process except in an action to recover for necessaries, if the parties to the trust or other agreement so agree.

" 2. The provisions of this section shall not impair or affect any right existing on March twenty-fifth, nineteen hundred and three, nor impair or affect the rights of creditors under section fifty-two of the domestic relations law."

The petitioner maintains that section 19 of the Decedent Estate Law supersedes the aforesaid provisions, at least to the extent of permitting the alienation of the right to the income from a trust upon the settlement of any controversy in an estate to which the beneficiary is a party.

The context of the statute does not justify any such assumption, nor may it be implied that the Legislature intended to sanction an agreement which would violate an express provision of law. " Repeals by implication are not favored by the courts; and as a general rule, a statute is not deemed to repeal an earlier one without express words of repeal, unless the two are in such conflict that both cannot be given effect." (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 391, p. 407, and cases cited.)

Section 19 of the Decedent Estate Law is a re-enactment of former section 24 of the Personal Property Law (L. 1919, ch. 419) and section 73 of the Real Property Law (L. 1919, ch. 441), both of which sections were repealed by the same session of the Legislature that enacted this section of the Decedent Estate Law.

The restraint on the alienation of the right to the income from trusts, imposed by section 15 of the Personal Property Law and section 103 of the Real Property Law, represents a declaration of the public policy of the State. Its purpose was to enable

a testator to protect the beneficiary of the income from his own improvidence. (*Matter of Cramer*, 166 Misc. 713; *Matter of Freiberger*, 177 Misc. 592.)

The inflexibility of the rule was pointed out in *Matter of Wentworth* (230 N. Y. 176, 183). The determination there made foreshadowed a long line of decisions wherein the rule has been rigidly adhered to. (*Ebbets* v. *International Factors*, 43 N. Y. S. 2d 522; *Brandt* v. *Continental Bank & Trust Co.*, 43 N. Y. S. 2d 255; *Matter of Bendick*, 149 Misc. 415; *Matter of Solomon*, 149 Misc. 551.)

The majority of the authorities, which are cited by the petitioner to the contrary, concerned the compromise of a controversy on the probate of a will, in which a bona fide contest was pending. *Fisher* v. *Fisher* (253 N. Y. 260) was of that character, as was also *Matter of O'Keefe* (167 Misc. 148).

In *Matter of Sidman* (154 Misc. 675) the real property was devised to two of the testator's children and charged with the payment of $50 weekly to a third, and upon his death to his children. The payments were to continue until the property was sold, whereupon the proceeds were to be divided equally among the three children. This provision obviously was in the nature of an annuity and in no sense the type of trust contemplated by the statute. (*People's Trust Co.* v. *Flynn*, 106 App. Div. 78, 84; *Matter of Fowler*, 263 App. Div. 255, 259; *Matter of Chamberlin*, 264 App. Div. 940.)

The widow voluntarily appeared in the proceeding for the probate of the instant will and was also represented by an attorney. She is bound by the decree entered thereon. (Surrogate's Ct. Act, § 80; *Matter of Francuszkiewicz*, 178 Misc. 676.) Her right to the income from the trust thereupon vested. (*Matter of Jefferies*, 155 Misc. 464, 466.) As a consequence, any agreement which has for its purpose the termination of the trust created for the benefit of the widow violates the prohibition against the alienation of income and is therefore void.

It may be observed that should the widow in her action in the foreign jurisdiction acquire an advantage contrary to the testamentary disposition made by the decedent and not sanctioned under the laws of this State, the court, in the exercise of its equitable powers, would authorize the retention of the income from the trust until such time as the corpus was restored to its original value. (*Matter of Cramer*, 166 Misc. 713, *supra*; *Matter of Chamberlin*, 264 App. Div. 940, affd. 289 N. Y. 456, *supra*.)