In the Matter of the Accounting of GERTRUDE THAYER et al., as Administrators C. T. A. of ALBERT H. KNAUSS, Deceased.

Surrogate's Court, Yates County, April 29, 1953.

*Taylor, Corcoran & Jennings* for administrators *c. t. a.*, petitioners.

*Frederick M. Hunt,* special guardian for Joanne C. T. Roy.

McCANN, S. The administrators *c. t. a.* of the estate of Albert H. Knauss, by their petition, are asking this court to terminate a trust set up by the testator for the benefit of Joanne Cook Thayer (now Roy). Mrs. Roy is one of the remaindermen of the trust wherein her mother and aunt, the said administrators, *c. t. a.*, are the recipients for life of income from said trust. They now seek to terminate a portion of the trust allocated to Mrs. Roy, who has executed and acknowledged a written consent thereto.

The petitioners in bringing this proceeding cite as their authority therefor sections 23 of the Personal Property Law and 118 of the Real Property Law, which in substance say: " That the *creator* may revoke the trust upon consent of *all* persons interested ". This provision would seem to apply only to *inter vivos* trusts.

Counsel for the petitioners has cited in support of their petition *Matter of Hanna* (155 Misc. 833 [1935]) where Surrogate FOLEY permitted the trust in that case to be terminated under as he stated " special circumstances in the case ". All of the leading cases before and since the *Hanna* case seem to hold otherwise.

A case with similar facts wherein a like attempt to terminate the trust is in *Matter of Caswell* (185 Misc. 599). There, approval and confirmation was sought from the Surrogate's Court of Oneida County of an agreement between the executor of the estate and the testator's widow under section 19 of the Decedent Estate Law. The court denied the approval upon the ground that the agreement is void under section 103 of the Real Property Law and section 15 of the Personal Property Law, each of which in substance provides that the beneficiary's right to receive the income of a trust cannot be transferred by assignment or otherwise. An appeal was taken in the *Caswell* case and the Appellate Division, Fourth Department, affirmed the Oneida County Surrogate's Court (269 App. Div. 809).

The restraint on the alienation of the right to income from trusts, imposed by section 15 of the Personal Property Law and section 103 of the Real Property Law, represents a declaration of the public policy of the State. Its purpose was to enable a testator to protect the beneficiary of the income from his own improvidence. (*Matter of Cramer,* 166 Misc. 713; *Matter of Freiberger,* 177 Misc. 592.)

The inflexibility of the rule was pointed out in *Matter of Wentworth* (230 N. Y. 176, 183). The determination there made foreshadowed a long line of decisions wherein the rule has been rigidly adhered to.

The Legislature having declared by section 15 of the Personal Property Law and section 103 of the Real Property Law that such beneficiary's rights to receive the income cannot be transferred by assignment or otherwise and the appellate court having upheld it, I have no other choice than to deny the request of the administrators *c. t. a.* Their request and petition as to the termination of that part of the trust is denied.