Maximilian Moss, S.
As an incident to their accounting, the petitioning trustees request a judicial determination of the termination of the trust created under the “ Fifteenth ” clause of the testatrix’ will which reads as follows:
*483 “Fifteenth: I hereby give, devise and bequeath unto my Executors and Trustees and the survivor of them all the rest, residue and remainder of my estate, real, personal and mixed and wheresoever the same may be situated, including lapsed and void legacies, and, if the said Philip Victor Maysmor Wamsley and Gilbert Norman Wamsley both survive me, to divide the same into two equal parts or shares, one of which I give, devise and bequeath unto the said Gilbert Norman Wamsley absolutely and I direct that my said Executors and Trustees and the survivor of them hold the remaining portion or share during the life of the said Philip Victor Maysmor Wamsley in trust nevertheless to and for the following uses and purposes to wit:
“1. To invest the said portion or share and to pay the net income arising and accruing thereon to the said Philip Victor Maysmor Wamsley during his life in equal quarterly payments.
“2. On the death of the said Philip Victor Maysmor Wamsley to pay the principal of the trust herein created to the said Gilbert Norman Wamsley absolutely.”
Philip and Gilbert mentioned above were second cousins of the testatrix and brothers. Gilbert and another were named in the will as the executors and trustees thereunder. Letters testamentary and of trusteeship were granted to them by this court on April 23,1933. Subsequently both fiduciaries died and thereafter Philip, who was the sole distributee and the administrator of his brother’s estate, petitioned for letters of administration o. t. a., d. b. n., and of trusteeship herein jointly with his wife. Such letters were granted to them on December 29,1937. Their account as administrators c. t. a., d. b. n., was judicially settled on March 10, 1938, by a decree which directed them to transfer one half of the residuary estate to Philip as administrator of Gilbert’s estate and one half to Philip and his wife as successor trustees of the said trust. This they did, thereby carrying out the provisions of the “ Fifteenth ” clause of the will. They are now accounting as trustees and request that this court “ judicially determine and declare that the life estate of Philip in the trust fund created under the ‘ fifteenth ’ clause of the will has been extinguished and is merged with the ownership in fee, and that Philip is the sole owner, absolutely and forever of all of the property constituting the trust fund, ’ ’ that as a consequence any requirements for a judicial accounting be dispensed with and that the petitioners and the surety be discharged.
The basis for the requested relief terminating the trust is the fact that the testatrix’ will made no alternative provision in the event the remainderman predeceased the life tenant, which event occurred, and the allegation of a “ merger of the estates,
*484 namely, that of the life tenancy of Philip and the vested remainder of Gilbert (which) occurred by reason of the death of Gilbert (intestate) whose entire estate passes to petitioner, Philip (as Gilbert’s sole distributee).” However, it does not necessarily follow that a merger results when a life income beneficiary becomes also the vested remainderman. That result obtains when the life beneficiary of the trust fund is also the remainderman and sole trustee, in which case “ The result is a merger, not merely into a legal life estate, Matter of Reed v. Browne, 295 N. Y. 184, 66 N. E. 2d 47, 165 A. L. R. 1061; Weeks v. Frankel, 197 N. Y. 304, 90 N. E. 969, but into a fee simple of one half the entire estate. The purported trust is ineffective ”. (Matter of Atkinson, 114 N. Y. S. 2d 808, 809.) But when the trustee is a person other than the beneficiary and remainderman, “ There is nothing incongruous or illegal in a life beneficiary being-vested with a remainder which can never come into actual possession. Matter of Chalmers Will, 264 N. Y. 239, 247, 190 N. E. 476, 478; United States Trust Co. v. Taylor, 193 App. Div. 153, 156, 183 N. Y. S. 426, affirmed 232 N. Y. 609, 134 N. E. 591. The trust as to the son’s half is valid and indestructible. Personal Property Law, § 15; Real Property Law, § 103; see Matter of Wentworth, 230 N. Y. 176, 129 N. E. 646; Matter of Mills’ Estate, Sur., 111 N. Y. S. 2d 622, 625 ” (Matter of Atkinson, supra, p. 809). The same is true when the beneficiary and remainderman is cotrustee. In that case the equitable estate is in the beneficiary and the legal estate is in the trustees, who constitute an entirely different entity. There is therefore not even a merger of the trust with a legal life estate as a prerequisite to a merger into a fee simple.
The court holds that the testatrix created a valid trust which is not to terminate until the death of the income beneficiary. The trust is indestructible. Neither a desire to condone its destruction, nor the lack of opposition to the application, nor the comparatively small trust fund involved, nor other possible considerations no matter how worthy, give the court the right ox-power to disregard “ the stringent restrictions of the statutes and the numerous and emphatic decisioxxs of the Court of Appeals which prohibit the destruction of trusts ” (Matter of Hanna, 155 Misc. 833, 834; Matter of Freiberger, 177 Misc. 592; Matter of Hyatt, 81 N. Y. S. 2d 911, Personal Property Law, § 15; Real Property Law, § 103). As stated in Matter of Higgins (205 Misc. 385, 391), “ So long as the trust purpose as a practical matter can be accomplished, it should be.” “ Its duration may not be foreshortened by judicial fiat or by any act of the interested parties ” (Matter of Duignan, 85 N. Y. S. *485 2d 846, 851, citing cases), except, of course, when properly revoked by the settlor himself (Carlebach v. Central Hanover Bank & Trust Co., 269 App. Div. 45; Ingersoll v. Fifth Ave. Bank of New York, 91 N. Y. S. 2d 581; compare Matter of Wade, 296 N. Y. 244, where trusts within the statutory application were terminated by a compromise agreement approved by the court before probate or conclusively adjudicated thereafter).
The two cases cited in petitioner’s memorandum are inapposite. Ackerman v. Ackerman (222 App. Div. 229, affd. 251 N. Y. 533) which was a partition action, involved construction of a will which devised a vested remainder capable of alienation and not a trust to apply income wherein the right of the life beneficiary to alienate income is restricted by statute as a legislative declaration of public policy. In that case the death of the remainderman, intestate, during the lifetime of his sole distributee who was the life tenant of the real property devised, resulted in a merger of the life estate in the fee and therefore the property was devisable by the life tenant’s will, to the exclusion of any interest therein of the plaintiff and other parties in the partition action. In Matter of Arnstein, decided by Surrogate Collins (N. Y. L. J., May 26,1948, p. 1969, col. 6), the other case relied upon by petitioner, the residuary trust created by the testatrix named the petitioner as sole trustee and sole life beneficiary with the remainder to the petitioner’s son. The son died leaving a, will in which his entire estate was bequeathed to his mother who qualified as executrix. The court held that the petitioner had acquired a legal estate identical with the equitable estate which the testatrix had sought to create “with the result that the trust estate fades into the legal estate [citing cases]. The petitioner’s acquisition of the remainder interest in this trust by reason of the operation of the will of the named remainderman brings about the merger of the two estates. Hence the petitioner is correct in her contention that she is the owner in fee of all of the property passing under the residuary clause of the will of deceased. (Restatement of Law of Trusts, section 341; Ackerman v. Ackerman, 222 App. Div. 229, affd. 251 N. Y. 533).” In the instant application, however, there is no merger of estates, the trust is subsisting and valid and its termination before the death of the life tenant is precluded by section 15 of the Personal Property Law and the testamentary intent herein. (3 Scott on Trusts, §§ 337, 341; 1 Perry on Trusts, [7th ed.], § 347.) Proceed accordingly.