John D. Bennett, S.
In this accounting proceeding the accountants seek to terminate a trust created by the testator for the benefit of Evelyn A. Adams. The income is payable for the life of Evelyn A. Adams and upon her death the principal is to be paid to her two daughters, but in the event that either of said daughters predecease the life beneficiary, then to the issue, if any, of said daughters.
The reason presented by the accountants for the request to terminate the trust is that in view of the nominal amount of the principal of the trust, ‘" it is deemed impractical by all of the parties concerned to continue the trust for the rest of the *51 natural life of Evelyn A. Adams.” The two daughters of the life beneficiary, both adults, have apparently consented to the termination of the trust.
With relation to this type of a request, the court in Matter of Freiberger (177 Misc. 592, 593) said: “ This application to condone the destruction of a testamentary trust is typical of the many appeals which have been made to Surrogates’ Courts in these times of economic stress. The parties to the agreement and the draftsman thereof were wholly unfamiliar with the stringent restrictions prohibiting the destruction of a testamentary trust and the unbroken line of decisions enforcing this statutory prohibition. No act of any of the parties interested, no matter how worthy the motive, may terminate a valid trust created by a will before the expiration of the trust term fixed by the testator. (Pers. Prop. Law, § 15; Real Prop. Law, § 103; Matter of Wentworth, 230 N. Y. 176; Metcalfe v. Union Trust Co., 181 id. 39; Cuthbert v. Chauvet, 136 id. 326; Matter of Hanna, 155 Misc. 833.) The valid testamentary trust created by the will must, therefore, be set up and administered and the principal held intact until the death of the life tenant.” (See, also, Matter of Caswell, 185 Misc. 599, affd. 269 App. Div. 809; Matter of Knauss, 204 Misc. 207; Matter of Bowers, 2 Misc 2d 482; Matter of Duignan, 85 N. Y. S. 2d 846.)
The request for the termination of the trust for the life of Evelyn A. Adams is denied. The account in all other respects will be settled as filed.
Submit decree.