ZEHMER, Judge.
These are consolidated appeals by Dykes M. Young from (1) a circuit court order dismissing with prejudice appellant’s complaint for declaratory relief (case BR-471); and (2) an order of the Division of Retirement, Department of Administration, finding that appellant is entitled only to the return of accumulated contributions from the state employee retirement account of appellant’s deceased mother, Nancy A. Young. The principal issue involves the legal effect of a disclaimer by certain other beneficiaries pursuant to section 689.21, Florida Statutes (1985), on the rights of appellant as a designated contingent beneficiary who was dependent on his mother for support. Finding error in the administrative order, we reverse.
At the time of her death on May 24, 1986, Nancy A. Young had been a member of the Florida Retirement System for more than 25 years. In 1974, pursuant to section 121.091(8), Florida Statutes, she executed a beneficiary designation, naming her husband, Fred 0. Young, as primary beneficiary, and her children, Lucinda H. Young, Dirk F. Young, and appellant Dykes M. Young, as joint contingent beneficiaries. Thereafter, Nancy Young and Fred Young were divorced in December 1980, and the decree provided that each waived, relinquished, and surrendered all rights which he or she had then or in the future to share in the other’s estate. No change of beneficiary form was ever filed by Nancy Young after the divorce. At the time of Nancy Young’s death, appellant Dykes Young was dependent on her for support.
After Nancy Young’s death, Fred Young, Lucinda Young, and Dirk Young, acting pursuant to section 689.21, executed and filed disclaimers of any benefits to which they might be entitled from the retirement account of Nancy Young. On July 24, 1986, appellant requested the Division of Retirement to advise him of the amount of monthly benefits he was entitled to receive pursuant to section 121.091(7) from Nancy Young’s retirement account. The Division informed appellant that he was eligible to receive only the benefits to which the primary beneficiary, Fred Young, would have been entitled had he not disclaimed his interest, which was the refund of accumulated retirement contributions since Fred Young was no longer married to Nancy Young.
On September 30, 1986, appellant filed a petition for administrative review pursuant to section 120.57, contesting the Division of Retirement’s determination that appellant was not entiteld to monthly benefits under the retirement account of Nancy Young (Case BS-336). Appellant alleged that he was financially dependent on Nancy Young and had been designated a contingent beneficiary by her. He alleged that it was an oversight that Nancy Young did not change the beneficiary designations after her divorce, and claimed that he was entitled as a dependent to the monthly benefits described in section 121.091(7), Florida *1073 Statutes.[1] An informal hearing on the matter was scheduled for February 10, 1987.
Meanwhile, on January 5,1987, appellant filed a complaint for declaratory relief in the Leon County circuit court pursuant to chapter 86 and section 112.66(4), seeking a declaration of his rights to benefits from Nancy Young’s retirement account (Case BR-471). Appellant alleged that by reason of the disclaimers filed by Fred Young, Lucinda Young, and Dirk Young, all benefits available from the retirement account of Nancy Young should be distributed to him as if the diselaimants had immediately predeceased Nancy Young. Appellant further alleged that as sole beneficiary, since he was financially dependent on Nancy Young, he would qualify as a joint annuitant and be entitled to monthly benefits pursuant to section 121.091(7), Florida Statutes (1985).
Appellant then filed a “Request for Continuance and/or Stay of Proceedings” with the Division of Retirement, alleging he had a right to seek review of the Division’s determination in circuit court pursuant to sections 112.66(4) and 120.73 without first exhausting his administrative remedies. The request was denied by the Division on January 23, 1987, based on its conclusion that appellant had an adequate administrative remedy available to him.
Subsequently, appellant filed a “Motion for Preliminary Injunction” in circuit court to enjoin the hearing scheduled for February 10, 1987, on the grounds that completion of the administrative hearing would deprive the circuit court of jurisdiction to hear the controversy. The Division then filed a “Motion to Dismiss the Complaint for Declaratory Relief” alleging that appellant had failed to exhaust available administrative remedies.
A hearing on the motions filed in circuit court was held February 5, 1987. The court denied appellant’s motion for injunction and granted appellee’s motion to dismiss, reasoning that appellant had elected his remedy by filing the petition for administrative review with the Division and that appellant was required to exhaust available administrative remedies before he could proceed in circuit court. Dykes Young appeals the circuit court’s final order in Case BR-471.[2]
The informal administrative hearing was held before the State Retirement Director on February 10, 1987. Appellant participated under protest, reserving his right to pursue a direct circuit court action. In the Division’s final order, the director rejected appellant’s contention that he was entitled to monthly benefits and ruled that a person disclaiming under section 689.21 could disclaim only that interest which would pass directly to him in the absence of the disclaimer. Because the disclaiming primary and contingent beneficiaries had the right to receive only accumulated contributions from the retirement account, the director ruled, appellant was likewise entitled to receive only that interest. Appellant appeals the Division’s final order in Case BS-336. We discuss this appeal first.
In the administrative appeal, appellant contends (1) that the Division erred in hold *1074 ing that as a joint contingent beneficiary taking an interest pursuant to disclaimers executed pursuant to section 689.21, Florida Statutes, appellant takes only that interest which the disclaiming primary beneficiary would take in the absence of the disclaimer; and (2), that the Department of Administration’s Rule 22B-4.008(5), upon which it relied in reaching its decision, conflicts with section 689.21, with the result that the Division’s application of that rule to limit the benefits available to appellant constitutes an unconstitutional delegation of legislative authority.
The disclaimer statute, section 689.-21(3)(a), states in part that:
The interest disclaimed shall descend, be distributed, or otherwise be disposed of in the same manner as if the disclaimant had died immediately preceding the death or other event which causes him to be finally ascertained as a beneficiary.... An interest in property disclaimed shall never vest in the disclaimant.
The language in this section is substantially similar to the disclaimer of interests statute pertaining to wills and intestate succession in section 732.801, Florida Statutes. While there are no Florida cases interpreting either of these sections, a substantial number of jurisdictions have recognized that a disclaimer of a devise precludes an interest in the devise from ever vesting in a disclaimant because the dis-claimant is treated as if he had died prior to the triggering event, i.e., the death of the testator. The following cases from other states illustrate the application of this legal concept.
In Williams v. Board of Trustees of Public School Retirement System, 500 S.W.2d 31 (Mo.App.1973), the court held that the surviving husband of a member of a public retirement system, who was entitled only to a return of accumulated contributions, could renounce his interest in the retirement account in favor of the wife’s minor dependent children to permit them to receive monthly benefits. The wife had designated her husband as the primary beneficiary, one daughter as first contingent beneficiary, and another daughter as second contingent beneficiary. The husband, as primary beneficiary, was entitled only to a refund of the member’s contributions to the retirement system in the amount of $1,028.58. However, under Chapter 169, Missouri Statutes, dependent children of the member under the age of eighteen were entitled to a monthly annuity of $150.00 per month in the event there was no surviving spouse. The court recognized that the husband could waive or renounce his right to receive the accumulated contributions of the member in favor of the minor dependent children and held that a named primary beneficiary could renounce his interest in the accumulated contributions so as to permit a dependent named contingent beneficiary to receive a monthly annuity.
Similarly, in Estate of Wisely, 402 N.E. 2d 14 (Ind.App.1980), the court held that a beneficiary’s disclaimer of her interest in the decedent’s estate precluded any vesting of estate proceeds in that beneficiary for purposes of assessing inheritance tax liability. In that case, the beneficiary was named to take under the decedent’s will but renounced and disclaimed all right and interest in the decedent’s estate. The Department of State Revenue argued that the renunciation did not affect the assessment of inheritance tax because the tax was imposed at the time of the decedent’s death. The court, although agreeing that the inheritance tax was imposed at the time of the decedent’s death, held that, pursuant to that beneficiary’s renunciation and disclaimer, there had been no transfer of any property interest to the beneficiary and, therefore, there was no basis for the assessment of the inheritance tax. The court reasoned that the interest renounced passed as if the person renouncing had predeceased the decedent.
The court in Bostian v. Milens, 239 Mo.App. 555, 193 S.W.2d 797 (1946), addressed the effect of a renunciation upon the vesting of property under a will. The court stated that, under the doctrine of renunciation, a party who renounces an interest in devised property refuses to accept such property and, therefore, has nothing to “let go.”
*1075 A number of jurisdictions have recognized that a disclaimer or renunciation of a devise precludes any interest in the devise from ever vesting in the person disclaiming or renouncing. See People v. Flanagin, 331 Ill. 203, 162 N.E. 848 (1928) (effect of renunciation relates back to the time of testator’s death, thereby leaving no basis for assessment of tax); Re Stone’s Estate, 132 Iowa 136, 109 N.W. 455 (1906) (transfer of property under will to disclaimant ineffectual for purposes of assessment of tax); Bouse v. Hall, 168 Md. 1, 176 A. 645 (1935) (no transfer of property from an estate by reason of renunciation and, therefore, no tax liability arose on part of beneficiary renouncing); State ex rel. Hilton, 143 Minn. 77, 172 N.W. 902 (1919) (legatee who renounced legacy not subject to inheritance tax thereon based on the fact that legatee had not received the renounced property); Re Kierstead’s Estate, 122 Neb. 694, 241 N.W. 274 (1932) (renounced share of estate not subject to tax as property transferred to beneficiary); Re Clarkson’s Estate, 137 Misc. 741, 244 N.Y.S. 470 (1930) (life tenant’s renunciation of benefits precluded transfer to life tenant and life tenant was not subject to inheritance tax upon value of interest renounced); Hershey v. Bowers, 7 Ohio St.2d 4, 218 N.E.2d 455 (1966) (beneficiaries who renounced interest cannot be liable for succession tax since there had been no transfer of property); Re Bute’s Estate, 355 Pa. 170, 49 A.2d 339 (1946) (person renouncing interest in estate not liable for inheritance tax since property renounced did not pass).
The legal theory underlying all of these decisions is the concept that a person designated by the maker of a legal instrument as the beneficiary entitled to receive a specified property interest upon the death of the maker may renounce or disclaim such interest after the death of the maker, with the legal effect of permitting the property interest to pass as though the disclaiming beneficiary had predeceased the maker without ever vesting in that disclaiming beneficiary.
We hold that a disclaimer made pursuant to section 689.21 means literally what the statute says, that the disclaimer shall operate to terminate the disclaimed interest as if the disclaimant had predeceased the person whose death gives rise to the interest being passed. Under this construction of the statute, no interest in the retirement plan ever vested in Fred Young or any of the other contingent beneficiaries disclaiming their interests. Their disclaimers require in law that they be treated as though they had predeceased Nancy Young, leaving appellant Dykes Young as the sole surviving beneficiary under her designation made in 1974. Since the apparent purpose of the designation of the contingent beneficiaries was to permit them to share in the benefits payable under the retirement system plan upon the plan member’s death provided the primary beneficiary or other joint beneficiary had died before the plan member, the disclaiming primary beneficiary’s interest never comes into existence, and the rights of the remaining nondisclaiming beneficiary are determined as if the disclaimants had all predeceased the plan member. Thus, had Fred Young, Lucinda Young, and Dirk Young predeceased Nancy Young, leaving appellant the sole surviving designated beneficiary, there is no question that he would be entitled to monthly benefits as a dependent of Nancy Young. If the disclaimer statute is to be given its intended legal effect, the same result must obtain under the facts of this case. We conclude, therefore, that under no reasonable construction of section 689.21 could appellant be limited to receiving only that interest which Fred Young would have taken in the absence of his disclaimer, for such construction would require that Fred Young be treated as having survived Nancy Young, contrary to the explicit language of the statute. Appellant must be treated in law as the sole surviving contingent beneficiary designated by Nancy Young, and as such he is entitled as her dependent to receive monthly benefits pursuant to section 121.091(7).
Nor do we find that article X, section 14, of the Florida Constitution mandates a contrary result, as argued by the Division. This section states:
*1076 A governmental unit responsible for any retirement or pension system supported in whole or part by public funds shall not after January 1, 1977, provide any increase in the benefits to the members or beneficiaries of such system unless such unit has made or concurrently makes provision for the funding of the increase in benefits on a sound actuarial basis.
We do not construe the language of this section as applying to the situation in the case at bar. The manifest purpose of this provision is to prevent, for example, governmental units from providing covered pensioners cost of living increases without also making provisions for funding the increase in benefits; it is not intended to preclude a designated contingent beneficiary from receiving the full benefits to which he personally is entitled in the event other beneficiaries having priority predeceased the member of the retirement system. To apply this constitutional provision as argued by the Division would effectively preclude the designation of contingent beneficiaries and render the disclaimer provisions of section 689.21 unconstitutional as applied to such beneficiaries. We perceive no compelling need for such a drastic result. Dykes Young had been designated a contingent beneficiary since 1974, and the funding of the retirement system was required to take into consideration from that date the potential fact that Dykes Young might indeed become the sole beneficiary entitled to monthly benefits pursuant to Nancy Young’s membership in the plan in the event all other designated beneficiaries had predeceased her. This risk was actuar-ially determinable when the beneficiary designation was made and did not subject the retirement system to an unfunded risk such as sought to be avoided by the constitutional provision.
We next address appellant’s argument that Rule 22B-4.008(5)[3] is invalid because it is in conflict with section 689.21. The Division, in response, contends that the language of the rule that “no benefit may be created through a disclaimer greater than the actuarial equivalent to which the disclaiming beneficiary was entitled” precludes appellant from taking an annuity interest greater than that left to Fred Young, the surviving designated primary beneficiary, which in this case would be a return of the contributions. To accept the Division’s argument, however, would require that we construe the rule as limiting the benefits receivable by a contingent beneficiary such as Dykes Young to the interest which Fred Young would have received as a surviving beneficiary of Nancy Young; but that construction would defeat the purpose and intent of section 689.21 previously discussed and render the rule invalid as patently inconsistent with the statute. While recognizing that the courts should give deference to an agency’s construction of its own rules, it is also our duty to adopt and approve a construction of the rule, if possible, that will sustain its validity. Franklin Ambulance Service v. Dept of Health and Rehabilitative Services, 450 So.2d 580 (Fla. 1st DCA 1984).
We conclude that the quoted language of the rule is not applicable to a contingent beneficiary such as Dykes Young, who was designated by the plan member to receive benefits under the plan should the primary beneficiary predecease the plan member. The Division has misread the intent of the rule as a whole by selectively construing the quoted language in the abstract rather than in context with the other language of paragraph (5). That language is clear and unambiguous. It specifies that “all benefits due the disclaiming beneficiary shall be paid to the next designated beneficiary, *1077 notwithstanding the ability of the recipient beneficiary to qualify as a joint annuitant.” The paragraph further provides that, “if there is no other designated beneficiary, benefits shall be paid as provided in section 121.091(8), F.S., notwithstanding the ability of the recipient to qualify as a joint annuitant.” [Emphasis added.] The language relied on by the Division immediately follows these statements. This rule clarifies that in some situations, as where the plan member designates a percentage of benefits to be divided among two or more beneficiaries, the disclaimant’s benefits may be paid to another designated beneficiary who qualifies as a joint annuitant in addition to the benefits already due the non-disclaiming beneficiary. The obvious purpose of the rule is to clarify that while a disclaiming beneficiary’s interest may, in some circumstances, be paid to another person, the passing of this benefit to another cannot result in creating a greater interest than that passed through the disclaiming beneficiary. The rule applies where, as the result of a disclaimer, another person succeeds to the disclaimant’s interest because there is no intervening contingent beneficiary to take that interest as though the primary beneficiary had predeceased the plan member. Thus, we hold that the language quoted by the Division does not apply in this case, where there is a designated contingent beneficiary to receive benefits in his own right rather than through the disclaiming beneficiary. Because appellant Dykes Young was designated by Nancy A. Young as a contingent beneficiary who was to receive benefits under the plan should Fred Young predecease her, he does not succeed to any interest of Fred Young but rather qualifies for benefits in his own right, as a dependent of Nancy Young. Therefore, appellant can receive benefits as her dependent pursuant to the disclaimers under section 689.21 without violating the provisions of rule 22B-4.008(5).
For these reasons, the final order entered by the Division in case BS-336 fails to comply with the applicable law. The order is reversed and the cause is remanded to the Department of Administration, Division of Retirement, with directions to enter an order in conformance with this opinion.
Turning now to the appeal of the circuit court order, case BR-471, Young contends that the circuit court erred in dismissing his complaint for declaratory relief, arguing that his filing of the petition for administrative review did not constitute an election of remedies and preclude maintenance of the circuit court action for declaratory relief. In view of our resolution of the administrative appeal (case BS-336), however, the issues raised in the circuit court action have now become moot. Accordingly, that appeal is dismissed.
The appealed order in case BS-336 is REVERSED and the case is REMANDED with directions. The appeal in case BR-471 is DISMISSED as moot.
SHIVERS, J., and PEARSON, TILLMAN (retired), Associate Judge, concur.

. This section states In part:
(b) If the employment of a member is terminated by reason of his death subsequent to the completion of 10 years of creditable service but prior to his actual retirement, it shall be assumed that the member retired as of his date of death in accordance with subsection (1) if eligible for normal retirement benefits, subsection (2) if eligible for benefits payable for dual normal retirement or subsection (3) if eligible for early retirement benefits, having elected in accordance with subsection (6), the optional form of payment most favorable to his beneficiary, as determined by the administrator. However, the value of the benefit determined under this paragraph shall not be less than the value of the benefit determined under paragraph (a). The monthly benefit provided in this paragraph shall be paid to the member’s beneficiary (spouse or other dependent) for the beneficiary’s lifetime.

. On February 9, 1987, this court denied appellant’s “Emergency Motion for Stay and/or Emergency Petition for Writ of Common Law Certiorari, Writ of Prohibition, Writ of Mandamus or Other Appropriate Relief Pursuant to the All Writ Jurisdiction of the District Court of Appeal,” by which appellant sought to stay the informal administrative hearing scheduled for February 10, 1987, pending the outcome of the appeal in Case BR-471.

. Paragraph (5) of the rule states:
In the event the designated beneficiary wishes to refuse the benefits to which he is entitled, he shall disclaim those benefits as provided in Section 689.21, F.S. All benefits due the first disclaiming beneficiary, shall then be paid to the next beneficiary, notwithstanding the ability of the recipient beneficiary to qualify as a joint annuitant. If there is no other designated beneficiary, benefits shall be paid as provided in Section 121.-091(8), F.S., notwithstanding the ability of the recipient beneficiary to qualify as a joint annuitant. No benefit may be created through a disclaimer greater than the actuarial equivalent to which the disclaiming beneficiary was entitled....