Joseph A. Cox, S.
The questions presented in this accounting proceeding are disposed of as follows:
Subdivision D of the sixth paragraph of the will gives to any one of the trustees (other than Elliott C. Carter, Jr.) discretion in respect of payment from principal of such sum not exceeding $18,000 per year as such trustee shall determine “ is necessary or desirable in order that [Elliott C. Carter, Jr.] may maintain himself in a standard of living to which he has been accustomed ”. The widow, as one of the trustees, possesses such discretion. The facts as developed in the present record do not justify a finding that the widow acted arbitrarily or improperly in fixing the payments to be made to her son during the period accounted for, or that she abused the discretion reposed in her. Objection to such payments is, therefore, overruled.
There appears to be some fear that approval of the payments now reported will be construed as justification for continuance of annual payments to the son at the maximum amounts authorized by the will. It must be understood, however, that the court is not called upon affirmatively to express approval or disapproval of the manner in which the trustee exercised her *601 discretion. In the absence of abuse of discretion, bad faith, arbitrary action, fraud or diversion of the fund to improper purposes, the courts will not ordinarily interfere with the exercise of discretion which has been confided to the trustees. (Matter of Hayden, 172 Misc. 669, 681, 682.) The court merely finds that in the record now before it, no such basis for interfering with the judgment of the trustee has been established. Insofar as future payments are concerned, any trustee undertaking to exercise the discretion granted by the will, must inquire into all relevant facts and circumstances existing at that particular time and must determine in the light of such particular facts and circumstances how discretion may be best exercised within the limits of the authority granted by the will. Failure to make reasonable investigation might well constitute arbitrary and capricious action that would render the trustees liable to the estate for any loss incurred. Hence the court admonishes the trustees to exercise their discretion carefully and conscientiously and with due regard to the interests of all parties and to the aims and purposes of the testator.
The court will fix the total compensation of the attorneys for the petitioners in the amount set forth in the stipulation which has been placed upon the record and subject to the terms and conditions of such stipulation. This disposition makes it unnecessary for the court to pass upon the accountant’s fees. There is nothing before the court to justify the court to act under the authority conferred by sections 231-a, 285 or 278 of the Surrogate’s Court Act and to fix the compensation of attorneys for services rendered to Elliott C. Carter, Jr., either in his capacity as trustee or in his individual status.
The court will accept the resignation of Leo P. Dorsey as trustee.
Submit decree on notice settling the account accordingly.