OPINION OF THE COURT
C. Raymond Radican, J.
This application by the trustees of a testamentary trust, whose assets approximate $600,000, requests leave to pay over *607 the trust corpus to the life income beneficiary and to terminate the trust.
Decedent’s will directed that one half of his residuary estate be divided equally among his three daughters, but specified that the share of his daughter, Marilyn Fenety, be held in trust. The will empowers the named trustees to "pay at any time or from time to time such portion of the income or principal for the benefit of Marilyn Fenety as the trustees in their discretion shall deem proper.” The testator additionally provided the trustees shall pay the entire balance of principal and undistributed income to the issue of Marilyn Fenety upon her death.
The consents of the children of Mrs. Fenety, all of whom are adults, has been obtained. The petition recites that the testator established the trust because he believed Marilyn would not properly invest and spend the assets she was to receive because of a perceived sickness within the Fenety household which the trustees state has disappeared. No further elaboration is set forth.
The facts related in the petition do not furnish a basis for the requested relief. The income interest of a beneficiary of a testamentary trust is inalienable in this State unless the instrument creating the trust provides otherwise (EPTL 7-1.5 [a] [1]). The purpose of a New York spendthrift trust is to protect a beneficiary against his own improvidence by giving him an interest that he cannot transfer and that his creditors cannot reach (Matter of Knauss, 204 Misc 207; 4 Scott, Trusts § 337.2 [4th ed 1989]). The intention of the creator of the trust in this regard would be frustrated if the beneficiary could compel the trustee to terminate the trust and convey the trust corpus to him. Consequently, where the interest of the life beneficiary is inalienable as in the present situation, the trust will not be terminated at the request of the income beneficiary even though all the remaindermen are sui juris and consent to its extinguishment or assign their interest to the life beneficiary (Matter of Bowers, 2 Misc 2d 482; Matter of Knauss, supra).
The relief requested must therefore be denied. The court, however, observes that the discretion of the trustees to invade the principal is unrestricted. Where no condition of need is attached or intended, the gift of principal is as broad as the gift of income (Matter of Bisconti, 306 NY 442; see also, Matter of Flyer, 23 NY2d 579, 585; Matter of Clark, 280 NY 155). *608 However, the power to invade does not necessarily include the power to terminate a trust by paying over its principal (Kemp v Paterson, 6 NY2d 40). Even where the payment of principal rests in the uncontrolled discretion of the trustee, he must not in exercising his authority act dishonestly, or with an improper motive or fail to use his judgment or act beyond the bounds of reasonable judgment (Restatement [Second] of Trusts § 187, comment e; Matter of Stillman, 107 Misc 2d 102; Matter of Carter, 15 Misc 2d 599).