*204 OPINION OF THE COURT
Renee R. Roth, S.
The cotrustee of 21 family inter vivas trusts seeks permission to terminate such trusts and create substantially identical new ones pursuant to a recently enacted statute, EPTL 10-6.6 (b) (2) (L 1992, ch 591, eff July 24, 1992), which provides that under certain circumstances the court may authorize a fiduciary to place assets in a different trust instead of distributing them directly to the beneficiary.
Although the above-mentioned statute was intended to confirm the authority of a New York trustee to exercise an invasion power in further trust for generation-skipping transfer tax (GSTT) purposes (see, Turano, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 10-6.6, 1994 Pocket Part, at 24), petitioners propose to use it for a completely different purpose.
The background of these applications follows. Doris and Alfred Kaskel, both of whom are now deceased, had 3 children and 12 grandchildren. During the 1980s, Mrs. Kaskel and her 3 children created a total of 36 irrevocable trusts, 3 for the benefit of each of the 12 grandchildren. Fifteen of these trusts are not before the court because the five income beneficiaries are adults with no issue and have consented to the relief requested. Accordingly, under the governing statute, EPTL 10-6.6 (b) (1), court permission is not required.
A guardian ad litem has been appointed for the infant great grandchildren contingently interested in the 21 trusts before the court. The three trusts for each grandchild are substantially similar to each other, but each trust has a different grantor (Doris Kaskel or the beneficiary’s mother or father). The trustees of each trust are Howard Kaskel (one of the children of Doris and Alfred Kaskel) and Steven M. Jacobson (the nonrelated trustee).
Each grandchild is the income beneficiary of his or her trust. Each trust continues until the death of the last to die of Alfred Kaskel’s three children. Should any grandchild fail to survive the trust term, his or her issue, per stirpes, become the income beneficiaries or, if there is none, the issue of the grantor, per stirpes, become the income beneficiaries. Upon the expiration of the trust term, the trust fund is to be distributed to the incumbent income beneficiary or beneficiaries.
In each case, the nonrelated trustee is authorized to distrib *205 ute or apply from the principal of each trust to or for the use of any income beneficiary "such sum or sums as the non-related trustee may deem appropriate (without any duty to take into consideration such person’s other resources or other income) for such person’s maintenance, education or welfare or for any other purpose in the discretion of the trustee. The non-related trustee shall be the sole judge of whether the occasion exists for the withdrawal of principal hereunder, whether principal shall be withdrawn, and the amount thereof and its use” (emphasis added). In addition, the nonrelated trustee is expressly empowered to terminate the trust and pay over the fund to the income beneficiary.
The new statute, EPTL 10-6.6 (b) (2), reads as follows: "The court having jurisdiction of a trust created under a testamentary instrument or an irrevocable inter vivas trust agreement, upon the petition of the trustee and upon notice to all persons interested in the trust, may direct a trustee, who has the absolute discretion, under the terms of a testamentary instrument or irrevocable inter vivas trust agreement, to invade the principal of the trust for the benefit of the income beneficiary or income beneficiaries, to exercise such discretion by appointing so much or all of the principal of the trust in favor of a trustee of a trust under an instrument other than that under which the power to invade is created or under the same instrument, provided, however, that (A) the exercise of such discretion does not reduce any fixed income interest of any income beneficiary of the trust, (B) the exercise of such discretion is in favor of the beneficiaries of the trust, and (C) does not violate the limitations of 11-1.7” (emphasis added). In other words, if a trustee has total discretion to distribute trust principal to an income beneficiary, the trustee may, upon notice to all beneficiaries, apply to the court for permission to place the corpus in another trust for that beneficiary, rather than giving the assets to the beneficiary outright.
As mentioned earlier, the above-quoted statute, a codification of existing case law (see, e.g., Matter of Spear, 146 Misc 2d 1046), was intended to assist trustees in taking maximum advantage of the grandfathered exemption from the generation-skipping transfer tax. Thus, it was contemplated that trusts created before the effective date of the GSTT could be extended for the perpetuities period in order to postpone any transfer tax for the maximum length of time (see, Turano, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 10-6.6, 1994 Pocket Part, at 24).
*206 The instant applications, however, are brought for a completely different purpose. Petitioner, Howard Kaskel, seeks an order directing the nonrelated trustee to terminate each trust in favor of a trust with almost identical terms. The beneficiaries’ measuring period and dispositive terms would remain unchanged. The sole difference is that each beneficiary would be expressly permitted to assign his or her interest in the trust.
Such a change does not, on its face, appear to be in the best interests of the beneficiary. A spendthrift trust is designed for the beneficiary’s own protection. However, the purpose of these applications is to minimize potential liabilities which threaten to leave the trusts worthless. The plan is as follows. The trustees will exercise their powers of invasion to create 21 new nonspendthrift trusts. The now unrestricted income beneficiaries of these new trusts will thereafter assign their income interest to a corporation. Similar transfers will be made from the other 15 trusts. The nonrelated trustee will then be in a position to exercise his power to invade the principal of each trust in favor of the corporation. The corporation will then own certain distressed investments in real estate now held in common by the existing trusts. Hopefully, this arrangement will limit the liabilities of the trusts and of the parties.
The income beneficiaries have consented to the applications. The guardian ad litem for the contingent beneficiaries recommends approval on the grounds that the proposed plan, if effective, will conserve assets and minimize liabilities for the family group which should eventually benefit her wards. She further observes that, "Even if the plan is not as fully effective as is hoped, my wards should be no worse off than allowing the situation to remain as is, where the outcome looks bleak”.
There does not appear to be any language in EPTL 10-6.6 (b) (2) that restricts its use to GSTT reformations. Indeed, the proposed new trusts appear to satisfy the statutory requirements in all respects. The nonrelated trustee has the requisite absolute discretion to invade the trusts for the benefit of the income beneficiary. The proposed new trusts do not reduce any fixed income benefits.
The new statute also requires that a proposed exercise of discretion shall not violate EPTL 11-1.7, which prohibits the exoneration of a testamentary trustee for failure to exercise reasonable care, diligence and prudence. Although such stat *207 ute may not be applicable, as the trusts in question are not testamentary but inter vivas, the parties have agreed that language be added to the new trusts nullifying any provision which would violate EPTL 11-1.7. Finally, the new trusts satisfy the requirement of EPTL 10-6.6 (c) that trustees’ commissions not be increased by their creation.
Based upon all the foregoing, the applications are granted.