OPINION OF THE COURT
Eve Preminger, S.
This is an unopposed petition, brought by the trustees of the *563 trust established, under the will of Gerald Mayer, seeking approval of an appointment of a portion of the trust to a separate trust pursuant to EPTL 10-6.6 (b). The novel question presented here is whether “sole and absolute discretion” to invade which is limited by invasions for certain purposes constitutes “absolute” discretion for purposes of EPTL 10-6.6 (b).
Decedent’s will, admitted to probate in 1980, created a sprinkling trust for the benefit of his wife, Marie, his son, Gerald, Jr., and Gerald’s wife and issue. Marie died in 1985. On Gerald’s death, the trust is to be divided into equal parts for his then surviving issue, per stirpes. The share of any issue who was not in being at decedent’s death is distributable outright, and the other shares are held in further trust for their respective designated beneficiaries until such beneficiary attains the age of 35. In the event of the beneficiary’s death before attaining such age, the fund is to be paid over to his or her issue.
During the term of these trusts, the independent trustee is authorized to distribute principal[1] “in [his] sole and absolute discretion, [as he] may deem necessary or advisable for the health, support, maintenance and education of any person or persons who may at such time be a person or person eligible to receive income from the trust” (emphasis supplied). The will further provides that “[t]he decision of my Trustees with respect to any such payment of principal shall be conclusive and binding upon all persons interested in my estate or the Trust * * * created hereunder”.
In the exercise of this discretion, the independent trustee proposes to appoint $3 million of this trust, currently valued at. $6 million, to a new trust. The provisions of the new trust would parallel provisions of the existing trust except that the separate trusts created upon the death of Gerald would not be distributed to Gerald’s then living issue upon attainment of age 35 but rather would continue to be held in trust for the respective lives of such issue with the remainder distributable to the issue of such issue. The effect of the proposed plan is to *564 insulate the assets transferred to the new trust and any appreciation thereon from transfer tax that otherwise would be imposed upon the death of testator’s grandchildren since the new trusts would be excluded from the grandchildren’s estates for tax purposes.
EPTL 10-6.6 (b) (1) provides that, unless the governing instrument expressly prohibits it, “[a] trustee, who has the absolute discretion, under the terms of a testamentary instrument or irrevocable inter vivos trust agreement, to invade the principal of a trust for the benefit of the income beneficiary or income beneficiaries of the trust, may exercise such discretion by appointing so much or all of the principal of the trust in favor of a trustee of a trust under an instrument other than that under which the power to invade is created or under the same instrument with the consent of all persons interested in the trust but without prior court approval, provided, however, that (A) the exercise of such discretion does not reduce any fixed income interest of any income beneficiary of the trust, (B) the exercise of such discretion is in favor of the beneficiaries of the trust, and (C) [the exercise] does not violate the limitations of 11-1.7.” Paragraph (2) of EPTL 10-6.6 (b) permits identical relief upon application to the court rather than upon consent. The purpose of the statute[2] is to facilitate generation-skipping transfer tax planning (Turano, 1992 Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 10-6.6, 1998 Pocket Part, at 95).[3]
The legal premise underlying the statute is that a trustee with an absolute power to invade principal is analogous to a donee of a special power of appointment. A donee of a special power, unless the donor indicated otherwise, may exercise the power in further trust (Mem of Assemblyman Kaufman in support of L 1992, ch 591, 1992 NY Legis Ann, at 364-367). It follows that a trustee with an absolute power to invade ought to be able to exercise that power by appointing in further trust.
*565 As recognized in the legislative history, the analogy of a trustee to a donee of a special power holds only if the trustee’s discretion is absolute (1992 NY Legis Ann, at 365, citing Matter of Kennedy, 279 NY 255). If the trustee’s discretion is circumscribed, its constraints create rights in the trust remaindermen (ibid.). Respect for the testator’s intent as well as constitutional requirements (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 51) preclude a statutory interpretation that would permit vested rights of remaindermen to be disturbed. Thus, “absolute” discretion, for purposes of EPTL 10-6.6 (b), connotes a standard that is unconstrained except by the implicit requirements of reasonableness and good faith (Matter of Stillman, 107 Misc 2d 102).
In this case, the will confines the trustee’s discretion by an ascertainable standard: health, support, maintenance and education. However, the will also states that the trustee is to determine whether that standard is met in his sole discretion and that such determinations are binding and conclusive. Reading these provisions together, the trustees argue, creates a standard of absolute discretion. Construing the invasion power in this way, they note, would facilitate minimization of taxes through application of EPTL 10-6.6, and to that extent, such a construction would be favored (see, e.g., Matter of Choate, 141 Misc 2d 489 [and cases cited therein]).
The references to the trustees’ “sole discretion” and “binding and conclusive determinations,” though they ostensibly suggest an intent to dispense with judicial review entirely, are construed to signify an intent to limit the scope of judicial review of the trustees’ discretion in applying that standard (Restatement [Second] of Trusts § 187, comment [j]; see, 3 Scott, Trusts § 187 [Fratcher ed]; Matter of Odmark, NYLJ, Feb. 5, 1996, at 29, col 3). The quoted language in conjunction with the ascertainable standard establish a constraint that differentiates the powers of petitioners from those of a donee of a power of appointment. For example, invasions for estate planning, the essence of the request here, fall outside the parameters established by the testator even when reviewed with the greatest possible leniency. Accordingly, petitioners’ discretion falls short of that required to come within EPTL 10-6.6 (b).[4]
The consents of the presumptive remaindermen in this proceeding cannot enlarge the discretion of the trustee and *566 thus bring the trust within the ambit of EPTL 10-6.6. If affirmative consent of the remaindermen is determinative, then the appointment in further trust occurs by the beneficiaries’ gratuitous transfer rather than the exercise of fiduciary discretion. Such a transfer presumably would be ineffectual to achieve the proposed transfer tax savings and, in any event, would be unauthorized by State law (Matter of Sanders, 158 Misc 2d 606).
Based upon the foregoing, this decision constitutes the order of the court denying the trustees’ application for authority to appoint principal of the trust in further trust pursuant to EPTL 10-6.6 (b) (2).

. The income of the initial trust is distributable in the discretion of the trustees to any one or more members of the class for their health, support, maintenance and education; any undistributed income is to be accumulated and added to principal. The income of the separate trusts established upon Gerald’s death is distributable to the income beneficiary of each such trust upon such beneficiary’s attainment of age 21. In addition, such income beneficiaries are entitled to one half of the principal of their separate trusts upon attainment of age 25.

. Prior to enactment of the statute, the power of a trustee whose discretion is unlimited to appoint in further trust had been judicially recognized in other jurisdictions (e.g., Matter of Spencer, 232 NW2d 491 [Iowa]; Phipps v Palm Beach Trust Co., 142 Fla 782, 196 So 299).

. The statute has been utilized to address a variety of other situations as well (see, e.g., Matter of Grosjean, NYLJ, Dec. 10, 1997, at 35, col 6 [appointment to supplemental needs trust]; Matter of Riese, 164 Misc 2d 1028 [appointment to attempt to avoid New York real property transfer gains taxes]; Matter of Kaskel, 163 Misc 2d 203 [appointment to minimize potential liabilities]).

. This conclusion is not inconsistent with tax regulations defining ascertainable standards to exclude any standard conferred under an instrument which provides that the determination of the trustee is conclusive (Regulations of Internal Revenue Service, Department of Treasury [26 CFR] § 1.674 *566 [b]-l [b] [5] [i]; see also, Brodhag v United States, 319 F Supp 747 [SD W Va]). State law has an important impact in the determination whether a standard qualifies as ascertainable for tax purposes (see generally, Tax Management Portfolio, Powers of Appointment — Estate, Gift and Income Tax Considerations, No. 825, at A-7, citing Morgan v Commissioner, 309 US 78). Moreover, it is possible that a standard may be insufficiently measurable to qualify as ascertainable for tax purposes and yet sufficiently firm to create rights in the remaindermen undisturbable under EPTL 10-6.6 (b).