Matter of Davidovich v Hoppenstein (2018 NY Slip Op 04442)





Matter of Davidovich v Hoppenstein


2018 NY Slip Op 04442


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



mem
ad1
Matter of Davidovich v Hoppenstein
2018
ny
04442
2918/15A -6894 6893 6892
This opinion is uncorrected and subject to revision before publication in the printed Official Reports.
Decided on June 14, 2018
Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.
2918/15A -6894 6893 6892
[*1]In re Nathan Davidovich, et al., Petitioners-Respondents,
Cheryl Lynne Hoppenstein, et al., Respondents-Appellants.
Andrew M. La Bella, Scarsdale, for appellants.
Law Offices of Jason J. Smith, New York, (Jason J. Smith of counsel) for respondents.
Decree, Surrogate's Court, New York County (Rita Mella, S.), entered on or about January 9, 2018, approving petitioners' account, unanimously affirmed, without costs. Appeals from order, same court and Surrogate, entered on or about March 31, 2017, which, insofar appealed from as limited by the briefs, denied objectants' motion for partial summary judgment and sua sponte granted summary judgment to petitioners, and from order, same court and Surrogate, entered on or about October 10, 2017, which denied objectants' motion for leave to renew and granted their motion for leave to reargue but adhered to the prior determination, unanimously dismissed, without costs, as subsumed in the appeal from the decree.
Estates, Powers and Trusts Law § 10-6.6(k) states, "This section shall not be construed to abridge the right of any trustee to appoint property in further trust that arises . . . under common law." Under the common law, a trustee with an absolute power to invade principal was "able to exercise that power by appointing in further trust" unless the creator of the trust indicated otherwise (Matter of Mayer, 176 Misc 2d 562, 564 [Sur Ct, NY County 1998]). The trustees of the Reuben Hoppenstein 2004 Insurance Trust (2004 Trust) had the absolute power to invade principal, as evidenced by Article 2(c) of the 2004 trust instrument. Article 9(f) gave the trustees the power to create further trusts. Thus, the transfer of the life insurance policy at issue from the 2004 Trust to the Hoppenstein 2012 Insurance Trust was valid.
Having found that the transfer was valid, the Surrogate properly denied objectants' motion for summary judgment on their first three prayers for relief and sua sponte granted summary judgment to petitioners on those demands (see CPLR 3212[b]). Since all of the objections depended on the invalidity of the transfer, the Surrogate correctly granted petitioners summary judgment dismissing the objections in their entirety. Because objectants were objecting to petitioners' account, the Surrogate properly granted petitioners summary judgment on their account after dismissing the objections. This is not a situation like Dunham v Hilco Constr. Co. (89 NY2d 425 [1996]), where summary judgment was granted to a nonmovant on an issue (the negligence of an employee) that was completely different from that on which summary judgment was granted to the movants (the duty to maintain a safe workplace).
We have considered objectants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK